THE REAPER CITY INSURANCE COMPANY

*v.*

WILLIAM R. JONES.

1. INSURANCE—*waiver of condition.*  A clause in a policy of insurance sued on made it void if gunpowder was kept in the building insured without written permission, and it further declared nothing less than a distinct agreement, indorsed on the policy, should be construed a waiver of any condition or restriction.  The assured, at the time of the loss, had a few pounds of gunpowder kept with the knowledge and express permission of the local agent of the company.  A previous policy had been issued by the same agent upon the same property, and all premiums had been paid and accepted by the company, and the agent knew that powder was kept, and expressly permitted it without calling the attention of the assured to this clause in the policy:  *Held*, that the failure to have the written consent of the company indorsed on the policy, under such circumstances, did not render it void, but that the condition would be regarded as waived.

2. As the provision of forfeiture was made solely for the benefit of the company, it might waive the condition, and as it performs its business through agents, their acts must often operate as a waiver of conditions in a policy.  The company being presumed to have knowledge of the facts through their agent, by taking the money of the assured, and giving him no notice that the policy had been violated, or that the contract must terminate, before his loss, will not be allowed to resist payment for such cause.  Such an act would be a fraud and a deceit, which the law will not sanction.

3. SAME—*notice of conditions.*  When the agent of an insurance company takes an application of insurance, knowing that the assured is keeping interdicted articles prohibited by conditions usually printed in small type and difficult to read, and gives no notice to the assured of the stringent charac-

ter of such conditions, but consents to the keeping of such articles, the company will be held to have waived the right of forfeiture.

APPEAL from the Circuit Court of Sangamon County; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Messrs. J. C. & C. L. CONKLING, for the appellants.

Messrs. STUART, EDWARDS & BROWN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

One clause in the policy sued on, made it void if gunpowder was kept in the house without written permission; and it was further declared, that nothing less than a distinct agreement, indorsed on the policy, should be construed as a waiver of any condition or restriction.

The assured, at the time of the loss, had on hand a few pounds of gunpowder, kept with the knowledge and express permission of the agent of the company. A previous policy had been issued by the same agent upon the same property; all premiums had been paid upon both, and accepted by the company; and the agent knew that the powder was kept, and expressly permitted it, without calling the attention of the assured to the particular condition of the policy.

Did the failure to have the consent of the company indorsed upon the policy, under such circumstances, render it void? This is the only question in the case.

The clause in the policy making it void if gunpowder was kept in the store was for the benefit of the company. It might waive the effect of the condition; and, as it performs its business through agents, their acts must often operate as a waiver of the conditions in a policy. During the existence of the two policies to the assured, the company must have been cognizant of the acts of its agent, and of the privileges which were granted to the assured. Yet the premium was promptly paid and duly received by the company; and no

notice was given that the policy had been violated, or that the contract must terminate; but the assured was authorized, by the recognized agent, to continue the storage of the powder in the store. With a full knowledge of all the facts, the company takes the money of the assured, with the determination, at the time, to resist the payment of loss, should any occur. This was not only a fraud, but a deceit, which the law can never sanction. The defense set up is destitute even of the semblance of justice.

The company was chargeable with the act of the agent in giving permission to keep the powder; and as the provision for forfeiture was made solely for the benefit of the company, it must be regarded as having waived it, upon the principle that what is exclusively for its benefit it can enjoy or not as it pleases.

Some of the interdicted articles are gunpowder, saltpetre, nitrate of soda, petroleum, benzine, gasoline, spirit of gas, or any burning fluid. Such conditions, printed, as they usually are, in the smallest type, and read with great difficulty, are but traps when the attention is not called to them. There is scarcely a housekeeper in the State who does not keep on hand some one or more of the prohibited articles. With knowledge of the fact on the part of agents, and when no notice is given of the stringent character of the condition, but specific authority is granted to continue to keep the article, the company waives the forfeiture.

The principles enunciated in the following cases control this case: *Atlantic Ins. Co.* v. *Wright*, 22 Ill. 462; *N. E. Fire and Marine Ins. Co.* v. *Schettler*, 38 Ill. 166; *Com. Ins. Co.* v. *Spankneble*, 52 Ill. 53; *Phœnix Ins. Co.* v. *Slaughter*, 12 Wal. 404.

We think that the judgment should be affirmed.

*Judgment affirmed.*