## THE NIAGARA FIRE INSURANCE COMPANY

*v.*

## ÉLIAS J. BROWN.

*Filed at Mt. Vernon January 20, 1888.*

INSURANCE—*power of agent to waive conditions.* An agent of an insurance company authorized to place insurance on property, collect the premiums, deliver policies, and sign with his own name and attach to policies, as he may think proper, a printed provision not contained in the body of the policy, requiring the insured to take an inventory once a year, and keep correct books of account, showing all purchases and sales, and to keep all inventories and books in a fire-proof safe, or other place secure from fire, during the time the store is closed for business, and declaring the policy void for non-compliance with such conditions, may waive such requirement afterwards, and the company will be bound by his waiver of the same.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Franklin county; the Hon. O. A. HARKER, Judge, presiding.

Mr. WILLIAM S. CANTRALL, and Mr. THOMAS BATES, for the appellant.

Mr. F. M. YOUNGBLOOD, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit brought by appellee against the appellant in the circuit court of Franklin county upon a fire insurance policy issued by the appellant company to appellee, insuring the latter to the amount of $1500 upon his stock of merchandise and store furniture and fixtures in a frame store in Mulkeytown. A jury was waived and the cause was tried by agreement before the circuit judge, who found the issues for appellee, the plaintiff below, and rendered judgment in his favor for $1500. This judgment has been affirmed by the Appellate Court and the case is brought before us by appeal therefrom.

The policy is dated August 24, 1886, and is signed by the president of the company, attested by its secretary, and countersigned by James F. Mason as its "duly authorized and regular commissioned agent." The negotiations with appellee in reference to the issuance of the policy were conducted by Mason, who accepted the risk, received the premium and delivered the policy. There was fastened to the policy by a brass pin a printed slip in the following words:

"It is a part of the consideration of this insurance, and it is expressly warranted, that the assured above named shall take an inventory of the stock above described, at least once a year, and shall also keep correct books of account in detail, showing all purchases and sales of the same, and shall keep all inventories and books in a fire-proof safe, or other place secure from fire, in said store, during the hours said store is closed for business, or this policy shall be void. It is also part of the consideration for this insurance, and the basis upon which the rate of premium is fixed, that in the event of loss this com-

pany shall not be liable for an amount greater than three-fourths of the actual cash value of the property covered by this policy at the time of such loss; and in case of other insurance, whether policies are concurrent or not, then for only its *pro rata* proportion of such three-fourths value.

"This slip being attached to policy number 5016 of the Niagara Fire Insurance Company of New York, issued at its Benton, Illinois, agency, forms a part of said policy.

(Signed)                    JAMES F. MASON, *Agent.*"

It will be noted that the slip is signed by Mason alone and not by the president and secretary of the company.

The store and the property insured were totally destroyed by fire on November 9, 1886. There is no dispute but that the cash value of the property insured, at the time of its destruction, was $2500, so that the amount of the recovery does not exceed three-fourths of the "actual cash value."

The sole contention between the parties arises upon that portion of the foregoing provision, which requires the insured to "keep all inventories and books in a fire-proof safe, or other place secure from fire in said store, during the hours said store is closed for business." It is admitted that appellee did not keep his inventories and books in a fire-proof safe, but kept them in a desk in the store.

Two questions are discussed by counsel. The first is a question of law, and has reference to the power of the agent, Mason, to waive the requirement contained in that portion of the printed slip, which is above quoted. The proof tends to show, that Mason attached the slip to the policy, and he seemed to have the right, in his discretion, either to attach it or leave it off. If he was clothed with a discretion to make the provisions contained in the slip a part of the policy or not as he should see fit, he certainly had the power to waive them after the slip was attached.

But, whether he had such discretion or not, we think that, if he waived the performance by appellee of the provision now under consideration, such waiver is binding upon the company. The proof tends to show that he was present in the store and saw the stock when the policy was issued; that he was also there on the Saturday before the Monday when the fire occurred, and made no objection to the risk as it then stood; that on both of these occasions he had notice that there was no fire-proof safe in the store. If he, also, before the delivery of the policy, stated to the appellee, as claimed by the latter, that the requirement in question would not be insisted upon but would be dispensed with, then surely the company is estopped from declining to pay the loss on the ground of non-compliance with such requirement. Whatever may have been its secret instructions to Mason, the company, having authorized him to take the insurance, to collect the premium, to deliver the policy and to sign with his own name and attach the printed provision not contained in the main body of the policy, was bound by his waiver of the requirement in regard to keeping the inventories and books, if there was such a waiver. *Reaper City Ins. Co.* v. *Jones,* 62 Ill. 458.

The second question, which is brought to our attention, is whether the agent did or did not waive the provision requiring appellee to keep his inventories and books in the manner above stated. This is purely a question of fact, upon which the decision of the Appellate Court is final and not subject to review by us.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*