Manufacturers and Merchants Mutual Insur-
.ance Company

v.

Thomas M. Armstrong et al.

*Fire Insurance—Policy—Action on—Breach of Conditions—Waiver
of by Insurer.*

1. If an insurance company, with knowledge of facts constituting a breach of the conditions of the policy, recognizes the policy as still in force by such acts, declarations and course of dealing with the insured as would lead him to believe that he is protected, then the breach is waived and the company estopped from setting it up as a defense to an action on the policy.

2. The general agents of an insurance company can employ a clerk or sub-agent to perform the duties of their agency, and make his acts binding upon the company.

3. If, before a policy is accepted, the general agent represents to the assured that a certain requirement in the policy as to putting in better facilities for extinguishing fire within sixty days, would be considered as complied with if the improvements were made as soon as possible by assured, then the policy will be considered as issued with the sixty day requirement stricken out.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Winnebago County; the Hon. James Shaw, Judge, presiding.

Messrs. Myron H. Beach and A. D. Early, for appellant.

Mr. Charles A. Works, for appellees.

Mr. Justice Harker.    This was a suit on a fire insurance policy, covering the manufacturing plant of appellees located at Petoskey, Mich.  A trial resulted in a verdict and judgment in favor of appellees for $4,656.63.   The defense interposed was that the policy had become void by reason of the insured

failing to comply with certain requirements looking to the protection of the property against fire. Appellees had carried insurance with appellant before the policy sued on was issued. The insurance was placed by P. A. Montgomery & Co. of Chicago, general agents for appellant. Some time in October, 1889, they sent an inspector to Petoskey to examine the property. As a result of his examination, when the policy was re-written and mailed to appellees, October 29, 1889, Montgomery & Co. attached to it certain conditions requiring appellees, within sixty days, to put in certain attachments and appliances as precautions against fire, and which would enlarge the facilities for extinguishing fire. Although appellees began at once the construction of the attachments and appliances, they were not completed within the sixty days. They were not entirely completed at the time of the fire, March 14, 1890. It is insisted by appellant that as the conditions were not performed within the sixty days, the contract ceased by its own terms. Such undoubtedly is the case, unless performance of the conditions was waived. As proof of waiver appellees showed, upon the trial, that when C. M. Fay, one of the appellees, visited Montgomery & Co., after the policy and requirement had been mailed, but before they reached their destination, for the purpose of conferring with them about the insurance, he told Mr. Tyndall, an attaché in the office who conducted the entire business with appellees, that it would be impossible to carry out the requirements within the sixty days, and that Tyndall replied to go on then and do the best they could. It is also in proof that Montgomery & Co. were apprised of the fact that the construction of the required attachments was going on at the expiration of the sixty days, and afterward, and that in answer to letters from appellees calling for an inspector to be sent to pass upon the sprinkler equipment when completed, they replied, at first, that they could not send one before July, and subsequently when advised that so late a time would not suit appellees, and additional insurance would be looked for elsewhere, that one would be sent by the 10th of March. The

inspector did not appear until after the fire. Although the correspondence with reference to the inspector may have had in view the matter of additional insurance, a careful examination of it satisfies us that Montgomery & Co., as well as appellees, understood the contract was in force after the expiration of sixty days.

The requirements were not conditions precedent, as urged by counsel for appellant. They did not relate to the commencement of the risk, but were merely promissory warranties to be performed after the policy began to run. That Tyndall intended to and did waive a strict performance of those warranties, we entertain no doubt. Fay accepted the insurance with no other understanding. The claim that Tyndall exceeded his authority in that regard can not prevail. When first applied to for insurance Mr. Fay was referred to Tyndall by Montgomery & Co. as the proper person in their office to negotiate with for the kind of insurance wanted, and in all subsequent negotiations Fay dealt with Tyndall. The general agents of an insurance company can employ a clerk or sub-agent to perform the duties of their agency and make his acts binding upon the company. Continental Insurance Co. v. Ruckman, 127 Ill. 364; Eclectic Life Insurance Co. v. Fahrenkrug, 68 Ill. 463. The requirements were gotten up and signed by "Montgomery & Co., Gen'l Agents," and by them attached to the policy. It was within the purview of their authority to waive the condition as to time and extend it. If before the policy was accepted they represented to Fay that it would answer the requirement to complete the construction of the attachments as soon as appellees could do so, even though it took more than sixty days, then, under the authorities in this State, the policy will be considered as issued with the condition as to completing the construction within a certain time, stricken out. It was not necessary to a valid waiver after an acceptance of the policy, that it should be in writing. Montgomery & Co., the authors of the requirements, could legally extend the time of performance by parol, or after the expiration of the sixty days waive the right to treat the contract

as forfeited. In this view we are supported by the following authorities: Ill. Fire Ins. Co. v. Stanton, 57 Ill. 354; Reaper City Ins. Co. v. Jones, 62 Ill. 458; Ins. Co. v. Garland, 108 Ill. 220; W. C. Fire Ins. Co. v. Cary, 83 Ill. 453; Germania Ins. Co. v. Klewer, 129 Ill. 599; Phoenix Ins. Co. v. Johnston, 42 Ill. App. 66.

With a full knowledge of the facts, Montgomery & Co., instead of canceling the policy as it was their duty to do if they desired to release the company from liability, remained silent as to any forfeiture, and by correspondence with appellees concerning the inspection of the very work covered by the requirements, virtually recognized the policy of insurance as valid and in force. If the insurer, with a knowledge of the facts constituting a breach of a condition of the policy, recognized the policy as still in force by such acts, declarations and course of dealing with the insured as would fairly lead him to believe that he was protected, then such acts and declarations would amount to a waiver of the breach and estop the insurer from setting it up as a defense. 2 May on Insurance, 1143; Ill. Fire Ins. Co. v. Stanton, *supra;* Viele v. Ins. Co., 26 Iowa, 9.

The instruction complained of embodies this principle of law. There was evidence on which to base it.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*