## Kingston Mutual County Fire and Lightning Insurance Company v. Susan E. Olmstead, Executrix, etc.

1. INSURANCE—*Right to Declare the Policy Void for False Statement in the Application, Waived.*—Where a contract of insurance expressly makes the application a part of the policy, any false statement of matter therein, material to the risk, by the applicant, will authorize the insurer to avoid the policy; but if the insurer receives premiums upon such policy after notice or knowledge of such false statement, the right to declare the policy void will be waived.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

STEPHENS & EARLEY, attorneys for appellant; WILLIAM LATHROP, of counsel.

CARNES & DUNTON, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit by appellee, as executrix of the will of Albert A. Olmstead, deceased, against appel-

lant, upon a policy of insurance covering real and personal property. There was a trial by jury resulting in a verdict and judgment in favor of appellee for $2,200.

. The policy was issued on the 9th of August, 1889, upon the application of the owner, Albert A. Olmstead, who lost his life in the fire which destroyed the property for which the suit was brought.

The defense interposed in the trial court was, that the insured in his application falsely represented that the land on which the burned building stood was unincumbered, whereas they were incumbered to exceed $6,000, and that such false representation was so material as to render the policy void.

It is undisputed that the property at the time of the application was incumbered to the extent of $6,000, and that Olmstead, in answer to the questions, " Is the property incumbered? If so, to what amount?" answered, " No."

The contract of insurance expressly makes the application a part of the policy. In the application following the questions and answers is this clause: " The said applicant hereby covenants and agrees to and with said company, that the foregoing is a just, true and full exposition of all the facts and circumstances in regard to the condition, value and risk of the property to be insured, so far as the same are known to the applicant and material to the risk.".

Inasmuch as the evidence shows that the value of the tract of land was at the time of the application $12,000, it is contended by appellee that the statement that there was no incumbrance was true, because there was in fact no incumbrance material to the risk. In one of the by-laws of appellant it is provided that no property shall be insured which is covered by mortgage of more than two-thirds its value, except where the mortgagee joins in the application.

The force of the contention is that as the incumbrance was at the time of the application far below two-thirds of the value of the premises, the false statement of Olmstead was not material, and can not be regarded as sufficient to avoid the policy. We can not agree with appellee in this view.

Where specific inquiry is made as to incumbrances upon property to be insured, the applicant must make truthful answers. If the statements made in the application are merely representations (and the statement in question belongs to that class), then the answers must be substantially true. They must necessarily be, to enable the insurer to decide whether to decline the risk or place it in a lower instead of a higher class of hazard. If the false answer is insignificant and in no wise material to the risk it would not, of course, avoid the policy. But it can not be regarded as immaterial that the applicant for insurance represents that there is no incumbrance on the property when there is a valid and subsisting mortgage upon it for more than half its value.

We think, however, that while the appellant, by reason of Olmstead's false answer as to the incumbrance, had the right to declare the policy void, it waived its right by its action after the fire.

The fire occurred on the 13th of July, 1893. In appellant company losses are paid by assessments on policy holders. On the 24th of July an assessment was levied to meet this loss. On the 4th of August appellee paid the amount of her assessment, $10. About the same time, appellant's president was notified of the existence of the mortgage, and on the 24th of August, a bill was filed to foreclose it, to which appellant was made a party defendant. The evidence is not clear that the president was notified of the mortgage before appellee's $10 was received; but it is clear that he was served with summons in the foreclosure suit within a few days thereafter. It had full notice of the existence of the mortgage within a month after an assessment to pay the loss had been ordered, and yet it did not elect to declare the policy void because of the misrepresentation until the 2d of January, 1894, retaining, in the meantime, the money which by assessment had been raised to pay the loss, including the $10 paid by appellee. During all the time it kept itself in position to assess appellee for other losses, should any occur.

If the misrepresentation was so material as to entitle appellant to cancel and avoid the policy, it was its duty to so declare within a reasonable time after obtaining knowledge of the existence of the mortgage; and the ninety days from the date of adjustment allowed by the terms of the policy. There was other property covered by the policy than that destroyed by the fire. The action of appellant in retaining appellee's money, and declining to claim any advantage by reason of her husband's false statement after learning of its falsity would, of course, lead her to the conclusion that the other property was protected by insurance. Our views as to waiver are sustained by the following authorities: Northwestern Mutual Life Insurance Co. v. American, 119 Ill. 329; Schreiber v. German American Hail Insurance Co., 43 Minn. 367; Peoria Sugar Refinery v. Susquehanna Mutual Fire Ins. Co., 20 Fed. Rep. 480; Oakes v. Manufacturers Ins. Co., 135 Mass. 248; Wood on Fire Insurance, Chapter 20.

Entertaining the opinion, as we do, that the right to declare the policy void was waived by the acts of appellant after it obtained knowledge of the falsity of Olmstead's statement concerning incumbrance, we deem it unnecessary to discuss the alleged errors of the trial court in passing upon instructions.

The judgment does substantial justice, and should be affirmed.