(No. 12213.—Judgment affirmed.)

L. M. GRIFFIN *et al.* Appellants, *vs.* THE W. L. PFEFFER
LUMBER COMPANY, Appellee.

*Opinion filed October 21, 1918.*

1. LEASES—*what provision is not a covenant running with the
land—Statute of Frauds.* A provision in a lease that insurance on
the buildings shall be taken out in the name of the lessor, in con-
sideration of which the lessor, in case the buildings are destroyed
by fire, will restore the buildings to the extent of the amount of
the insurance received, is not a covenant running with the land, and
before it can be enforced against a tenant who is not the original
lessee there must be an agreement in writing signed by him.

2. SAME—*mere occupation and payment of rent do not bind ten-
ant to perform obligations of unassigned lease.* The mere occupa-
tion of premises by a tenant and payment of the rent stipulated in
the original ten-year lease of the premises, which was never as-
signed to the tenant in writing or accepted by him, do not bind
the tenant to perform a provision of the lease requiring insurance
to be taken out in the name of the lessor. (*Chicago Attachment
Co.* v. *Davis Sewing Machine Co.* 142 Ill. 171, followed.)

3. SAME—*tenant occupying premises has an insurable interest
though lease has not been assigned.* One who is occupying prem-
ises and paying the rent stipulated in the original lease has an in-
surable interest in the buildings though the lease has not been as-
signed to him or accepted by him in writing, and the fact that he
may have insured such interest for an amount greater than its value
and collected the insurance money does not give the lessor the right,
as against a plea of the Statute of Frauds, to recover the money
from him in an action at law.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court
of Richland county; the Hon. CHARLES H. MILLER, Judge,
presiding.

LYNCH & MARTIN, for appellants.

JOHN A. MACNEIL, and H. G. MORRIS, (R. D. W. HOL-
DER, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought by appellants in the circuit court of Richland county to recover certain moneys collected by appellee from insurance companies for the loss by fire of certain buildings on premises belonging to appellants and occupied by appellee.

Appellants are the owners of lots or parts of lots in the city of Olney. January 21, 1907, they leased said premises to G. H. Barney and J. H. Hines, a partnership doing business as Barney & Hines, for a term of ten years from March 1, 1907. The lease provided the premises were to be used as a lumber yard, for keeping, handling and selling lumber, lime, tile and all material usually handled in connection with such business. The lessors agreed to have removed all buildings and structures of every kind then on the premises, and the lessees agreed to erect and construct all buildings necessary to the conduct of the business at their own expense, all such buildings erected by them to become the property of the lessors. The lessees were to pay a yearly rental of $240 in equal monthly installments, to be paid on the first day of each month. The lease gave the lessees an option for the purchase of the property and contained a provision that any assignment of the lease should be made to parties who were satisfactory to the lessors, and if so made should release the lessees named therein from liability under the terms of the lease. There was a provision that the lessees should have the right to cancel the lease by giving thirty days' notice to the lessors and paying $120 as damages. April 29, 1907, Barney & Hines assigned the lease to the Richland Lumber Company. That company assigned the lease to the W. M. Simpson Lumber Company, and the Simpson Lumber Company assigned it to James G. McLean, of Olney, Illinois, May 3, 1909. An additional provision was added to the lease at the time the assignment was made to McLean, said additional provision and appellants' consent to the assignment to him being as follows:

"It is hereby expressly stipulated and agreed that insurance on the buildings on the premises described in said contract shall be taken out and placed in the name of lessors, and in consideration thereof the said lessors expressly stipulate and agree that in event the loss on or destruction of said buildings, or any of them, whereby loss is payable under said insurance, then that the said lessors will repair or replace or erect and construct suitable buildings for said lumber yard and plant under the direction and supervision of lessees, at their own cost and expense, to an amount not exceeding the amount received from said insurance."

McLean organized a corporation, the McLean Lumber Company, which corporation took over the business, McLean acquiring stock for the property he turned over to the corporation. The name of that corporation was subsequently changed to the W. L. Pfeffer Lumber Company. Buildings for use in the lumber trade were from time to time erected by the lessees and their assignees. On October 27, 1914, the buildings were destroyed by fire and the premises surrendered January 8, 1915. The buildings had been insured by appellee for its benefit, and it was paid $3937.73 insurance for the loss of said buildings. This suit was brought to recover the amount of the insurance received by appellee.

Appellants filed a declaration consisting of a special count and the common money counts. The special count declared on a liability growing out of the lease and the state of facts set out in this statement. Appellee pleaded the general issue, also the Statute of Frauds. The second special plea averred the action was predicated on an agreement not in writing, which was not to be performed within one year. Another plea was that the supposed promise relied on was a promise to answer for the debt or undertaking of another, and that there was no memorandum in writing signed by appellee agreeing to assume such obligation and liability. Another special plea denied that the lease set

forth in the special count was ever assigned in writing and delivered to appellee. On the hearing, at the conclusion of appellants' testimony the court directed a verdict for appellee. An appeal was prosecuted from the judgment entered upon the verdict returned by the jury to the Appellate Court for the Fourth District, which court affirmed the judgment of the circuit court and granted a certificate of importance and an appeal to this court.

The addition made to the lease at the time the assignment was made to McLean that insurance on the buildings be taken out in the name of the lessors, and their agreement that in case the buildings were destroyed by fire they would restore them to the extent of the amount of the insurance received, was not a covenant running with the land. (*Purvis* v. *Shuman,* 273 Ill. 286.) It required an agreement to accept the condition to obligate the tenant to perform it, and, as it related to an interest in land, was required by the Statute of Frauds to be in writing.

Appellants contend that the turning over of the premises by McLean, or the McLean Lumber Company, to appellee, and the latter taking possession and occupying them, constituted an assignment of the lease with all rights and liabilities incident thereto, and established privity of estate between the assignee of the leasehold and the lessors, and also that it became an executed and fully performed agreement under the facts shown, and that the Statute of Frauds cannot be invoked. There can be no doubt that the occupancy of the premises by appellee created such privity between it and appellants as to make appellee liable on a *quantum meruit* for the rent while it continued in possession, but it could not, in the absence of an agreement to that effect, be held to the performance of all the terms and conditions of the lease. We think this case must be controlled by the decision in *Chicago Attachment Co.* v. *Davis Sewing Machine Co.* 142 Ill. 171. In that case the Davis Sewing Machine Company leased certain premises to a partnership,

Scates & Griest, for a term of five years. Shortly after the lease was made Griest sold his interest in the firm to one Ridgway and executed a bill of sale to Ridgway of all his interest, of every description. The parties organized a corporation called the Chicago Attachment Company. The business of the partnership was carried on in the leased premises until the corporation was organized, when Ridgway and Scates, in consideration of stock issued them in the corporation, conveyed all their property and effects to the corporation, making no specific mention of the lease from the sewing machine company. No written consent to the assignment of the lease was made by the sewing machine company but the Chicago Attachment Company continued to occupy the leased premises for a year, during which period it paid the rent, but it abandoned the premises more than two years before the end of the period for which the premises had been leased to Scates & Griest. Suit was brought by the sewing machine company against the Chicago Attachment Company for rent for the portion of the unexpired term after the Chicago Attachment Company ceased to occupy the premises. The Statute of Frauds was interposed as a defense. The court in its opinion stated the question involved in the following language: "This then brings us to the question, this being an action at law and the Statute of Frauds being pleaded as a defense thereto, do the facts that Scates & Ridgway orally assigned the remainder of their term to appellant, that appellant paid them therefor and took possession of the premises at the time pursuant to such oral assignment, and that appellant thereafter paid appellee the rent for the premises as provided by the lease to be paid during the time it thereafter occupied the premises, which payment of rent was accepted by appellee, constitute a valid assignment of the term and so take the case out of the Statute of Frauds and free it of all influence therefrom?" After referring to previous decisions in this State the court said: "But here there is no deed or

other writing or memorandum or note of the contract to assign, executed by the lessees and delivered to and accepted by appellant, which can have the effect to divest the lessees and invest appellant with the title to the term, and since, as against the plea of the Statute of Frauds here interposed, the title to the term cannot pass, pursuant to contract, unless that contract, or some memorandum or note thereof, shall be in writing and signed by the lessees, this parol contract of assignment is not executed. In the cases cited, had no deeds been executed and delivered and accepted, although everything else might have been done which was required to be done by the oral contract, it is manifest the contract, so far as it was a contract for the sale of real estate, could not have been held to be executed since no title could have passed, and the writing is here just as indispensable to the passing of the title to the term as the deed was there to the passing of the title to the land." The court also said that the doctrine that part performance of an oral contract will take a case out of the Statute of Frauds applies only in equity and is unknown in courts of law.

Appellee here paid the rent for the time it had possession. It never signed any agreement to pay rent until the term specified in the lease expired or to insure the buildings for the benefit of appellants. It had an insurable interest in the buildings, (*Home Ins. Co.* v. *Mendenhall,* 164 Ill. 458; *Grand Pacific Hotel Co.* v. *Michigan Commercial Ins. Co.* 243 id. 110;) which it was lawful to have insured for its own benefit. Whether that interest was insured for more than it was worth was à matter between it and the insurance company, and the collection of a greater sum than the value of appellee's interest, under the facts here proved, would not authorize a recovery by appellants under the common counts. By the terms of the lease, at the expiration of the period for which the premises were demised the buildings erected by the tenants could not be removed but were to become the property of the landlord. It may be conceded

the result of this decision is a hardship on appellants, but we would not be justified in departing from legal principles applied in other cases to avoid such a consequence. In *Chicago Attachment Co.* v. *Davis Sewing Machine Co. supra,* the court said that in actions at law the Statute of Frauds is an iron rule necessary to the protection of property, and, like all general rules, is occasionally hard in its operation, yet while it is the plain law of the land it is the duty of courts to enforce its provisions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*