John Beddow and Edward Beddow, Appellees, v.
Robert F. Hicks, Defendant.
Appeal of Continental Insurance Company of the City
of New York, Appellant.

Gen. No. 9,202.

Heard in this court at the October term, 1939. Opinion filed January 15, 1940.

PAUL B. WILLARD, of Rushville, and SCHUYLER & HENNESSY, of Chicago, for appellant; PAUL H. HEINEKE, of Chicago, of counsel.

T. E. BOTTENBERG, of Rushville, for appellees.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Appellees John and Edward Beddow, father and son, filed suit in equity to reform certain provisions of a fire insurance policy issued by defendant appellant, the Continental Insurance Company of the city of

New York, by correcting an alleged mutual mistake of fact in the issuance thereof in the name of defendant Robert F. Hicks, instead of "John Beddow, Edward Beddow and Robert F. Hicks, as their interests may appear" and praying judgment thereon in the sum of $1,000 and accrued interest.

The cause was referred to the master in chancery and upon evidence heard and objections to the master's report, findings and conclusions, standing as exceptions, which were overruled by the court, a decree was entered granting the relief prayed, from which decree an appeal was taken by the defendant insurance company to this court.

It appears from the evidence that appellees John and Edward Beddow entered into a written contract with Robert F. Hicks on February 14, 1938, for the purchase of certain real estate upon which an insured two-story dwelling house, then occupied as tenants by said Beddow family was situated, for a purchase price of $800, $100 of which was paid in cash and the remainder was payable in monthly instalments of $15 during the continuance of the contract, with interest at 6 per cent per annum on the unpaid remainder. This contract, together with a warranty deed executed by the party of the first part to the party of the second part was deposited in escrow with the cashier of the First State Bank of Browning, Illinois, Roy H. Fleming, who was also agent of the defendant insurance company, to be delivered to said plaintiff appellees by said cashier upon completion of such payments; said agent Fleming having previously issued a fire insurance policy in the defendant company in the sum of $1,000 on the above building in which said Hicks was named as the insured, the date of expiration thereof being February 9, 1928, and upon the expiration of which policy the said appellee vendees were to pay the costs of renewing and continuing such insurance during the period of said contract of pur-

chase and to pay all taxes and assessments against said property due after the year 1927.

It further appears from the evidence that at the time of entering into said contract the same was written by Fleming at the bank in Browning, at which time Hicks and the two Beddows and their respective wives were present; that Fleming, as agent of the insurance company, was directed to draw said policy so as to protect the interest of said vendor Hicks and appellee vendees; that at the time of making said transaction he assured the said parties that this would be done; that the defendant insurance company, through its said agent, Roy H. Fleming, thereupon issued their policy insuring the above dwelling house against fire for a term of one year in the name of Robert F. Hicks; that thereafter the defendant insurance company, through its said agent, so regularly renewed said policy of insurance at the request of the plaintiff appellees in each and every year thereafter, including the policy now in question issued on February 9, 1932, upon payment by appellees of the annual premium of $6.30 to its said agent, and that all of said renewals were issued in the name of Robert F. Hicks.

It further so appears that at the time of execution of said contract, the warranty deed was written by Fleming, in which the names of the said vendees, together with their respective wives, appeared as grantees, the latter being so included without the knowledge of the vendees named in the contract; that the original contract, deed in escrow and insurance policy were left with Fleming at the bank and were never seen thereafter by any of the appellee vendees until after the dwelling house insured in said policy and renewals was destroyed by fire on August 23, 1932.

It further so appears that said insurance agent Fleming, at the time of each of said several renewals knew and understood the desire of the appellee vendees, who regularly paid said renewal premiums, that

the same be so drawn and kept in force as to protect said vendor Hicks and the appellee vendees against loss as their respective interests might appear; that said policy was so renewed with the intention on the part of all said parties that the same be so drawn and kept in force, but that by mistake of said agent the same was not drawn according to such understanding and direction, but was so drawn in the sole name of Hicks as the assured, and the names of the appellees were omitted therefrom.

While there is some conflict in the evidence, it clearly appears that at the time of entering into the contract of purchase of said real estate and the above arrangement for continuing the insurance by said agent Fleming, the question of whether or not a good title in fee simple to the premises could be given by said vendor Hicks was discussed with and in the presence of said agent Fleming, who was fully conversant with the status of said title and of the fact that an undivided one-fourth interest as tenant in common was vested in a minor heir, who lived outside of the State of Illinois and whose interest had not been conveyed to Hicks; that two of the witnesses present in the bank at that time testified that Fleming told them that the warranty deed would protect them and that they would be protected under the fire insurance policy that he was arranging and that the said vendees believed that said policy upon which they continued to pay annual premiums thereafter was so drawn as to protect them in case of loss thereunder; that the policy as written was renewed by said agent from year to year with full knowledge of the fact that the outstanding interest of said minor heir had not vested in said vendor Hicks or appellee vendees and that Hicks, at the time of such transaction held only an undivided three-fourths interest in fee simple in and to the premises on which the building was located and for the sale and conveyance of which said contract

providing also for reinsurance of the property was entered into, and that notwithstanding said actual knowledge of the condition of said title and the nature and extent of their respective insurable interests therein by said Fleming, he continued at all times to collect instalment payments under said contract and made annual renewals of the insurance policy on said premises and continued in possession of all said papers until after the time of said fire loss.

It further so appears from the evidence that at the time of said fire loss there remained due and unpaid to said vendor from the vendees the sum of $213.85, principal and interest on the purchase price of said premises, and that the vendees had made valuable improvements thereon.

It was further found by the master and decreed by the court below that the value of the building insured in said policy at the time of the loss was $2,267.28 and that the value of the insurable interest of the appellees therein was in excess of $1,200.

The policy contained the following provision concerning the ownership of the property, viz: ''This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on the ground not owned by the insured in fee simple.''

Subsequent to the contract for the sale of the premises, vendor Hicks had moved from the State of Illinois and at the time of the fire loss his address or place of residence could not be ascertained by the Beddows upon diligent inquiry, until several months thereafter. Within the 60 days required by the policy, appellees John and Edward Beddow filed proofs of loss claiming that there was due them under the terms of said policy the sum of $1,000. The defendant company, through its agent Fleming, through whom the proofs

of loss had been submitted, refused payment of the amount of the policy, contending that the policy was not drawn in the name of said appellee vendees but in the name of Hicks and that said vendees had no insurable interest therein and were not the sole owners of the fee simple title thereto as required by the terms of said policy and further claimed that Hicks, who was named as the assured in the policy, could not recover because he was not the sole owner in fee simple of the premises and that he had filed no claim nor proof of loss within the time specified in the policy.

The suit in equity was thereupon filed by the appellees against the company seeking to reform the contract and correct the mistakes to conform with the alleged understanding of the parties, to which complaint the defendant insurance company filed answer setting up the above defenses. Subsequent thereto, Hicks, a nonresident, entered his appearance and filed answer admitting the material allegations of the complaint but claiming an interest in and lien against said funds for the unpaid balance due him under the contract of purchase, which right to a lien or interest in any amount was denied by the defendant company, but not by the plaintiffs herein.

A careful review of the briefs, abstracts and record herein impels this court to find that the evidence clearly sustained the findings of the master and the decree of the court below as to the facts herein, and on the facts, so found, that the material allegations of the complaint were sustained and that the decree granting the relief prayed by the appellees is clearly in accord with the law and the evidence.

The rule has been frequently announced in a long line of decisions in this State that in order to justify the correction or reformation of a deed or insurance policy in equity, the evidence that there was a mutual mistake by the parties in the terms alleged must be of a very strong and convincing character. It is also

undoubtedly true that where a mutual mistake is made in the terms of a contract of insurance, a court of equity will in a proper case between the proper parties rectify the mistake under the same rules and circumstances as under the rules by which any other contract would be rectified, and when it is so corrected, such court will retain jurisdiction to enforce it as between the parties thereto and their privies according to its terms as so corrected and as mutually intended and agreed upon by the parties thereto.

Conditions in a policy of fire insurance rendering the policy void if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple are reasonable and valid, and a breach of such conditions, or either of them, is a bar to a recovery under the policy in the absence of a waiver of the condition or an estoppel which precludes the company from making such defense. *Pollock v. Connecticut Fire Ins. Co. of Hartford,* 362 Ill. 313, 320, 199 N. E. 816; *Capps v. National Union Fire Ins. Co.,* 318 Ill. 350, 149 N. E. 247; *Kobzina v. Empire State Ins. Co.,* 289 Ill. App. 157, 6 N. E. (2d) 895.

It devolves upon the party seeking recovery to prove knowledge of facts that would constitute a waiver or estoppel in equity, and unless such grounds clearly appear from the evidence, equitable relief and recovery should be denied. However, where such grounds and such knowledge clearly and convincingly appear from the evidence, as was found and held by the trial court and by this court in the instant case, it has been uniformly held by the courts of review of Illinois that equitable relief will be granted.

An insurance company may waive any conditions or provisions inserted in the policy for its benefit and such waiver may be expressed or implied, which may arise from acts, words, conduct, notice or knowledge

on the part of the insurer. *Phenix Ins. Co. v. Hart,* 149 Ill. 513, 36 N. E. 990; *Cox v. American Ins. Co.,* 184 Ill. App. 419, 424.

In the cases of *Pollock v. Connecticut Fire Ins. Co.* and *Capps v. National Union Fire Ins. Co., supra,* wherein the facts proven were not sufficient to justify a decree reforming the insurance policies therein referred to, the distinction between those cases wherein the evidence establishes or fails to establish knowledge of facts constituting a waiver of the condition concerning ownership is recognized and the court holds that where an insurance company issues a policy with actual knowledge of the true state of the title, it is bound by such title.

Here, Fleming kept in his possession all papers, including the policies; was familiar with, had discussed, advised and made statements concerning the interests of the respective parties in and to the property and made renewals of the policy as agent of the insurance company with full knowledge of all surrounding facts and circumstances, in all of which transactions the appellees relied upon him and his statements and actions in relation thereto.

Where the insured was induced to act upon the superior judgment of an insurance agent, equity may correct mistakes in policies. *Snell v. Atlantic Fire & Marine Ins. Co.,* 98 U. S. 85; *Sias v. Roger William Ins. Co.,* 8 Fed. 183; *Abraham v. North German Ins. Co.,* 40 Fed. 717; *Keith v. Globe Ins. Co.,* 52 Ill. 518; *Mercantile Ins. Co. v. Jaynes,* 87 Ill. 199.

It is also true that where the facts are fully disclosed to and known by the agent and the policy is written and countersigned by the agent who represents the company in the transaction, the latter will be deemed to have waived the provision of the policy concerning sole ownership in fee simple of the premises by the assured. If, from all the facts of the case, they erroneously determine that the insured has one kind of interest in the premises when he has another.

and thereafter continue with full knowledge of the facts to receive the premiums, they thereby waive that provision and are estopped from defending against liability on that ground. *Germania Fire Ins. Co. v. Hick*, 125 Ill. 361, 364, 17 N. E. 792; *Phenix Ins. Co. v. Stocks*, 149 Ill. 319, 329, 36 N. E. 408; *Downs v. Michigan Commercial Ins. Co.*, 157 Ill. App. 32, 36.

An insurance company that knowingly takes a premium for a policy under conditions that would render it invalid, will not be permitted to say that it is not a binding contract for that reason. In all such cases the company will be regarded as having the same knowledge of the conditions and situation of the property as is possessed by the agent transacting the business for it. *Keith v. Globe Ins. Co., supra; Germania Fire Ins. Co. v. Hick, supra; Niagara Fire Ins. Co. v. Brown*, 123 Ill. 356, 359, 15 N. E. 166; *Reaper City Ins. Co. v. Jones*, 62 Ill. 458, 460; *Kingston Mut. County Fire & Lightning Ins. Co. v. Olmstead*, 68 Ill. App. 111, 114; *Downs v. Michigan Commercial Ins. Co., supra; Home Ins. Co. v. Mendenhall*, 164 Ill. 458, 45 N. E. 1078.

The term "agent or agents" of insurance companies foreign to the State of Illinois, as used in section 150 of the Insurance Act (ch. 73, Cahill's Ill. Rev. Stat. 1933) in force at the time of making and renewing the policy is not used in the limited sense of an agent for the procuring or soliciting of policies, but includes anyone who in any manner aids the company in the transaction of its business. *Continental Ins. Co. v. Ruckman*, 127 Ill. 364, 376, 20 N. E. 77.

Where an agent is authorized to act, and through his mistake or fraud, the policy fails to express the real contract between the parties, or, if by inadvertence, negligence or mistake of the agent, provisions other than those intended are inserted, or stipulated provisions are omitted, there is no doubt as to the power of the court of equity to grant relief by reformation of the contract. *German Fire Ins. Co. v. Gueck*,

130 Ill. 345, 350, 23 N. E. 112; *Gray v. Merchants' Ins. Co. of Newark,* 113 Ill. App. 537, 542; *Vial v. Norwich Union Fire Ins. Soc. of Norwich, Eng.,* 172 Ill. App. 134, 139.

It has long been the settled law in this State that a party has an insurable interest in property from the existence of which he receives a benefit or from the destruction of which he will suffer a pecuniary loss, although he has no title to or possession of the premises. The insured is entitled to recover, when he has an insurable interest for losses under the terms of a policy not exceeding the amount for which he is insured. *Home Ins. Co. v. Mendenhall, supra; Andes Ins. Co. v. Fish,* 71 Ill. 620; *Phenix Ins. Co. v. Stocks, supra; Welch v. Northern Assur. Co., Ltd.,* 223 Ill. App. 77; *Griffin v. W. L. Pfeffer Lumber Co.,* 285 Ill. 19, 120 N. E. 583. Here, the appellees had an insurable interest in excess of the amount recovered in the property destroyed by fire.

The minor heir, Norman Allumbaugh, hereinabove referred to, having been of age at the time of the policy loss, became a party to the proceeding by an intervening petition wherein he prayed for payment to him of a distributive share of the insurance payable under the above policy, but the trial court properly held that his interest had not been insured and that he was not a party to the insurance contract and could not recover thereunder. From that decision, no appeal was taken and no errors assigned.

It appearing from the evidence and finding of the trial court that the value of the insurable interest of plaintiff appellees, John Beddow and Edward Beddow, was in excess of $1,200, which amount exceeded the sum of $1,000 insurance provided for in the policy, said plaintiffs were entitled to recover the full amount of said insurance with interest thereon at the legal rate of 5 per cent until paid, together with costs of suit.

It is further urged by the appellant that it was error to decree a lien in favor of the defendant Hicks payable out of the judgment recovered for the unpaid balance of the purchase price of the premises. His right to set up a claim for payment of the amount of said balance in his answer was not questioned by the plaintiffs, John Beddow and Edward Beddow, in whose favor the decree was so entered, nor have they filed any cross errors in this court. The insurance company has no interest in the final disposition of the funds recovered and collected under the decree.

While we have not herein discussed, we have fully considered all other assignments of error set forth and argued in the appellant's brief, and we find no reversible error in the record. The decree of the circuit court of Schuyler county will therefore be affirmed.

*Decree affirmed.*