Ben Lieberman, d/b/a Acme Bed & Spring Company, Plaintiff-Appellant, v. Hartford Fire Insurance Company, Defendant-Appellee.

(No. 55010; )

First District—August 4, 1972.

*Rehearing denied August 22, 1972.*

Rabens, Formusa & Glassman, of Chicago, (George C. Rabens, of counsel,) for appellant.

O'Brien, Kerpec & Evans, of Chicago, (Donald J. O'Brien, Jr. and Dom J. Rizzi, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This action was instituted by plaintiff to recover under a fire insurance policy issued by defendant. A jury verdict was rendered in favor of defendant and judgment was entered on the verdict. On appeal plaintiff contends: (1) that he was entitled to recover for the loss and damages to the building in its physical condition immediately prior to the fire; (2) that evidentiary rulings by the court served only to confuse the jury; (3) that the court erred in instructing the jury; and (4) that the court should have directed the jury to return a verdict for plaintiff as to liability and assess plaintiff's damages.

Plaintiff was the sole beneficiary of a trust which owned the property and factory building located at 515-535 East Pershing Road in Chicago and purchased a fire insurance policy covering the premises. The policy provides in pertinent part:

"IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, * * * to an amount not exceeding the amount(s) above specified, [$10,000] does insure the insured

named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, * * * nor in any event for more than the interest of the insured, against all direct loss by fire * * * to the property described herein * * *."

A lease for the property was executed between Jewel Tea Company, as lessee, and plaintiff's trustee, as lessor. The lease provided that the lessor was to construct a new building (in place of the one then standing on the premises) which would be occupied by the lessee. The lease also provided that the lessor, in the construction of the building, "may retain and place in good condition" a portion of the west wall of the building then existing. Plaintiff entered into an agreement with Comet Builders for the erection of the building required by the lease. Part of that agreement required the demolition of the existing building, a project which was subcontracted by Comet Builders to Three Oaks Wrecking and Lumber Company. Demolition commenced on approximately October 14, 1965; at that time plaintiff was in the process of removing his effects from the building and had ceased using it as his place of business. On the date of the fire, October 17, 1965, the demolition was in its early stages; only a portion of the roof had been removed. After the fire all the walls had to be taken down, the west wall being spalled-shaled from the heat. It was stipulated that the difference between the salvage value before and after the fire was $1600, but under the contract the salvage from the demolished building was to go to the wrecking contractor, not to plaintiff. In the briefs this fact is not disputed, plaintiff only arguing that the interest of Three Oaks in the salvage should be of no concern to defendant. Nor did plaintiff introduce any evidence that the cost of construction of the new building was increased in any way as a result of the fire.

*Opinion*

Recovery under the policy is limited in that it could not be "for more than the interest of the insured against all direct loss by fire." In Couch on Insurance 2d par. 24:13, an interest of the insured is described thusly:

"Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer loss or disadvantage by its destruction."

As otherwise stated by Hartnett and Thornton, Insurable Interest in Property: A Socio-Economic Reevaluation of a Legal Concept, 48 Colum. L. Rev. 1162, 1164 (1948):

"Interest is traditionally defined in terms of rights in the insured

property, but it may also be characterized as such a relationship to property as makes a happening adversely affecting the insured property economically disadvantageous to the interest-holder."

See generally, Home Insurance Co. v. Mendenhall (1897), 164 Ill. 458, 463, 45 N.E. 1078, 1080.

At the time of the fire, plaintiff's interest was for all practical purposes eliminated in that he was bound by the contract with Comet Builders to have the structure demolished. The destruction of the building was not "economically disadvantageous" to plaintiff; he would have gained no advantage by the continued existence of the structure and suffered no loss by its destruction. Plaintiff failed to demonstrate that he was in any way injured by the destruction of the building. He did not show that his contract price with Comet Builders was increased as a result of the decreased value of the salvage coming from the building. In a like manner, the record is void of any indication that plaintiff had to pay more for the construction of the new building because the old west wall was not used. Thus, plaintiff failed to establish that he had sufficient interest in the premises upon which he could recover under the policy.

In light of the above holding it is unnecessary for us to consider the other points which plaintiff raises.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.