**GARCY CORPORATION, Plaintiff,**

v.

**The HOME INSURANCE COMPANY et al., Defendants.**

**No. 71 C 1573.**

United States District Court,
N. D. Illinois, E. D.
Jan. 26, 1973.

Eli E. Fink, Ronald R. Rassin, Fink, Coff & Nudelman, Chicago, Ill., for plaintiff.

John P. Gorman, Fredric H. Stafford, Clausen, Hirsch, Miller & Gorman, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

PERRY, District Judge.

This cause comes on upon the cross motions of plaintiff and defendants for summary judgment. The parties have filed briefs and affidavits in support of their respective positions.

This is an action by an owner (GARCY) of a complex of buildings against six insurance companies each of whom issued an insurance policy in the amount of $50,000.00. The policies in question covered the loss of the buildings by fire.

On July 6, 1970 a fire occurred at the insured location resulting in the complete loss of the buildings. Garcy is claiming the full amount of the policies, $300,000.00, in this suit. It is a series of events which occurred prior to the fire which give rise to the issues of this case.

On May 5, 1970 Garcy and a wrecking company, 3 Oaks Wrecking and Lumber Co., entered into a contract that the complex of buildings was to be demolished and the land leveled. The contract provided that all salvage from the wrecked buildings would belong to the wrecking company.

By a letter dated June 25, 1970 an agent of the plaintiff notified the plaintiff's insurance broker of the commencement of the demolition and the plaintiff's desire to cancel the fire insurance effective immediately. The defendants claim that this letter was directed not only to the plaintiff's broker but also to the defendants' agent. At any rate prior to the actual delivery of the insurance policies the plaintiff, on the advice of counsel, attempted to revoke this notice of cancellation and instructed his broker to take no steps to effectuate the cancellation.

On July 6, 1970 while the wrecking operation was going on in the building complex, a fire broke out which completely destroyed the complex including the largest building thereon, a seven story building. It is contended by the plaintiff and not denied by the defendant, that the wrecking operations on this building had not commenced. Although the complaint is phrased in terms which would seem to encompass a claim for damage to the entire complex, plaintiff has in the present motions for summary

judgment limited its claim to damage to the seven story building.

The defendants raise three points in their argument for summary judgment, any one of which they claim, should impel the entry of a summary judgment in their favor. Concisely the defendants' arguments are (1) the policies were cancelled by the plaintiff prior to the fire; (2) the wrecking contract and the work done thereunder constituted an increased hazard which suspended the policies; (3) after the commencement of the wrecking operation none of the buildings had any value to the insured and the insured no longer possessed any insurable interest therein. Each of these arguments will be considered separately.

## CANCELLATION

■ The defendants support their position on this issue with a letter dated June 25, 1970 from Larry Kurtzon of Garcy Corporation addressed as follows:

Mr. E. K. Eichengreen
Rollins Burdick Hunter Co.
231 South LaSalle Street
Chicago, Illinois 60604

The defendants contend that the letter constituted not only notice to the plaintiff's agent, Mr. Eichengreen, but also to the defendants' agent, Rollins Burdick Hunter Co. Aside from the letter itself the only evidence that the defendants offer that the defendants' agent was notified is a statement in an affidavit by Dorothy McNeill, Mr. Eichengreen's secretary, that "Mr. E. K. Eichengreen and Rollins Burdick Hunter Co. were notified by a letter dated June 25, 1970". The plaintiff does not dispute the defendants' authorities which hold that a request for cancellation communicated by an insured to an insurer is fully effective absent delivery of the policies and that such cancellation cannot be unilaterally revoked by the insured prior to the delivery of the policies. De La Perriere v. American Home Assurance Ins. Co., 106 Ga.App. 516, 127 S.E.2d 478

(1962); Waller v. Door County Mut. Ins. Co., 256 Wis. 323, 41 N.W.2d 211 (1950). The plaintiff relies on cases which hold that a cancellation of insurance is not effective until notice is actually received by the insurer or its agent. Ross Togs Inc. v. Fidelity-Phenix Ins. Co., 36 A.D.2d 706, 319 N.Y.S. 2d 1 (1971); Louisiana Public Utilities Co. v. Atlas Assurance Co., 238 App.Div. 474, 264 N.Y.S. 603 (1933). The plaintiff contends that the letter of Mr. Kurtzon was directed to the plaintiff's agent and did not have the effect of notifying the defendants' agent.

■ This court is of the opinion that the defendants' motion for summary judgment on the issue of cancellation should be denied for a number of reasons. *First* the defendants do not contend and offer no affidavits to show that any agent of the insurers was ever notified of the contents of the Kurtzon letter prior to the date of the fire or took any steps to effectuate the cancellation of the policies. Mrs. McNeill's affidavit which is relied on by the defendants appears to be no more than a conclusion drawn from the manner in which the letter was addressed. The plaintiff on the other hand has submitted affidavits by Mrs. McNeill and Mr. Eichengreen that state that they never forwarded a copy of the letter to the insurers prior to the fire. The defendants are therefore relying solely on the form of the letter to support their position on this issue without any affirmative evidence that the letter or its contents were made known to the defendants prior to the fire. This is obviously insufficient evidence on which to base a summary judgment. *Second* the form of the letter itself, so heavily relied upon by the defendants, does not appear to be an attempt to notify the agent of the defendants. The agent of the plaintiff maintained an office in a group of offices leased by the agent of the defendants. The fact that the heading of the letter contained the words "Rollins Burdick Hunter Co." on the second line was

probably a convenient way of addressing a letter just as in other circumstances one might insert a room number in an address. It is not contended that Mr. Eichengreen was an agent of the defendants, therefore a letter directed to and received by him can in no way be held to be notice to the defendants' agent. The salutation of the letter reads "Dear Ed" and makes no reference to the defendants' agent. The letter asks for a quotation on another insurance policy which is the type of inquiry which would be made to a broker and not directly to the defendants' agent. Finally the letter asks that the cancellation be "taken care of", as if it is left to the broker to handle the actual mechanics of cancellation. *Third* the defendants have admitted in their answer that the policies were in full force and effect at the time of the fire and further admit in their reply memorandum to this motion that they did not have the benefit of the Kurtzon letter at the time of the filing of the answer. It is apparent to this court that the defendants have not made an adequate showing of notice of cancellation. This however does not dispose of the other grounds raised by the defendants.

## INCREASED HAZARD

The defendants next claim is that the execution of the wrecking contract was an increase in hazard which suspended the policies. The defendants have admitted in this proceeding that their agent was notified of the commencement of the wrecking. This notification was stipulated to by the defendants in another proceeding before Judge Marovitz involving the same fact situation. Aetna State Bank v. Maryland Casualty Company, D.C., 345 F.Supp. 903 (1972). Now the defendants would have this court find that the execution of the wrecking contract and the commencement of the wrecking had the effect of automatically suspending the coverage of the policies. This defense was sufficiently disposed of in Judge Marovitz's opinion in which he said: "We therefore find that the mortgagor's notification of the greater risk was sufficient to prevent automatic nullification both as to the mortgagor *and* the mortgagee."

This court adopts Judge Marovitz's holding and denies the defendants' motion for summary judgment as to the issue of increased hazard.

## LACK OF VALUE AND INSURABLE INTEREST

The defendants final claim is that the building had no value to the plaintiff at the time of the fire and that consequently the plaintiff lacked an insurable interest therein. Judge Marovitz held in the *Aetna* case that the buildings had no value to the plaintiff and that therefore no loss could be shown. In a similar case involving demolition, decided subsequent to the opinion in *Aetna*, the Illinois Appellate Court held that an owner bound by contract for the destruction of a building upon which demolition had commenced no longer held an insurable interest therein. Lieberman v. Hartford Fire Insurance Company, 6 Ill.App.3d 948, 287 N.E.2d 38 (1972).

The plaintiff argues that the Illinois law requires that the court determine the value of the building for purposes of this suit by simply determining the replacement cost less depreciation and without taking into account such collateral factors as the execution of the wrecking contract and the commencement of the wrecking operation. The plaintiff relies on the case of Knuppel v. American Insurance Co., 269 F.2d 163 (7th Cir. 1959). In this case there was conflicting testimony as to whether the owner of the building destroyed by fire intended to have the building demolished. There was no evidence that any of the affirmative steps such as execution of a wrecking contract and commencement of the wrecking operation had been taken. To equate an intent to commence wrecking in the future with

the actual commencement of wrecking would be to ignore the realities of the situation.

 The plaintiff's other authorities are similarly defective and have been sufficiently covered in Judge Marovitz's opinion. The holding in this case is clearly not a rejection of the Illinois "actual cash value" rule, but simply a recognition that this rule is essentially a method of valuation and is not controlling under the facts and circumstance of this case which establish that the property had become valueless to the owner and had been abandoned to the wrecker.

The holding of Lieberman v. Hartford Fire Insurance Company although phrased in terms of insurable interest is in essence indistinguishable from Judge Marovitz's holding. The court there held that a property owner having entered into a binding contract with a wrecking company which had commenced operation no longer had an insurable interest in the property because he could show no economic disadvantage by its destruction.

The plaintiff attempts to distinguish the holdings in *Aetna* and *Lieberman* by stating that actual wrecking operations had not commenced on the particular building upon which this suit is claimed to have been brought. It is conceded that the wrecker had commenced operation on the complex of buildings and that the building concerned would be wrecked during the course of this operation. The court is not convinced by this argument. As Judge Marovitz stated in *Aetna*: "To allow almost a quarter of a million dollars to be paid for buildings that were valueless and whose duration of existence was governed solely by the rapidity of the swing of the wrecker's ball . . . would indeed produce a grossly inequitable result."

For the reasons above stated summary judgment is granted to the defendant on the issue of the amount of the loss. The plaintiff's motion for summary · judgment is denied.