179 N.J. Super. 275 (1981)
431 A.2d 201
RAMON TUBLITZ, PLAINTIFF,
v.
GLENS FALLS INSURANCE CO., DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided May 1, 1981.
*276 Anson Rauschberg for plaintiff.
*277 Peter DeSalvo for defendant.
BAIME, J.D.C. (temporarily assigned).
This case presents a question of first impression in New Jersey. Defendant is the insurer of three buildings owned by plaintiff. On November 14, 1979 plaintiff entered into a contract for demolition of the buildings. The contract was to be performed within ten days. On November 18, 1979 one of the buildings was destroyed by fire. At issue is whether the accidental destruction of the building is a loss for which defendant must indemnify plaintiff under the fire insurance policy. The carrier has denied coverage on the ground that plaintiff has suffered no loss since it was the latter's intention to demolish the building in any event. Plaintiff maintains that defendant is liable for the actual cash value of the building. It is undisputed that the policy was in effect at the time of the fire. Plaintiff now seeks summary judgment as to liability only.
Clearly, an insured must sustain a loss before he can recover on a standard form policy. Wolf v. Home Ins. Co., 100 N.J. Super. 27, 32 (Law Div.), aff'd 103 N.J. Super. 357 (App.Div. 1968). The insurer's premiums are assumed to represent the fair equivalent of the obligation it contracted to incur without knowledge of the existence of collateral remedies. Id. at 32.
No New Jersey court has had occasion to determine the effect of impending demolition upon the insurable interest in a building. This issue has been considered in other jurisdictions, however. It is generally held that the existence of an executory contract for demolition of a building does not deprive the owner of an insurable interest in the property. Garcy Corp. v. Home Ins. Co., 496 F.2d 479, 481 (7 Cir.1974); Knuppel v. American Ins. Co., 269 F.2d 163, 166 (7 Cir.1959); Dubin Paper Co. v. Insurance Co. of North America, 361 Pa. 68, 63 A.2d 85, 93 *278 (Sup.Ct. 1949); Eagle Square Mfg. Co. v. Vermont Mut. Fire Ins. Co., 125 Vt. 221, 212 A.2d 636, 639 (Sup.Ct. 1965).[1]
The mere fact that an executory contract exists for demolition does not render a structure worthless nor deprive it of its value as a matter of law. Eagle Square Mfg. Co., supra, 212 A.2d at 638. The existence of such a contract does not deprive the owner of an insurable interest in his building. Gendron v. Pawtucket Mut. Ins. Co., 384 A.2d 694, 697 (Me.Sup.Ct. 1978). A finding that an insurable interest in the building no longer exists typically involves a situation in which the demolition work has begun at the time of the fire. Aetna State Bank v. Maryland Cas. Co., 345 F. Supp. 903 (N.D.Ill. 1972); Board of Education v. Hartford Fire Ins. Co., 124 W. Va. 163, 19 S.E.2d 448 (Sup.Ct. 1942).[2]
The reasonable expectations of the insured must be considered in determining coverage. DeBellis v. Lumbermen's Mut. Cas. Co., 77 N.J. 428, 436 (1978). See, also, Miller v. N.J. Ins. Underwriting Ass'n, 82 N.J. 594, 600 (1980); 495 Corp. v. N.J. Ins. Underwriting Ass'n, 173 N.J. Super. 114, 128 (App.Div. 1980). In this case the fire occurred before any demolition work had begun. Despite the fact that the demolition contract was scheduled to be performed within ten days, it cannot be stated with certainty that it would, in fact, be commenced within that period. Performance of the contract may have been delayed by a number of factors, both within and beyond the control of the parties. So too, plaintiff could have chosen to repudiate the contract prior to demolition. Therefore, it is reasonable to infer *279 from all the surrounding circumstances that plaintiff expected his fire insurance coverage to be in force until demolition was actually begun.
For the reasons stated herein, I find that an insurable interest is not destroyed by the existence of an executory contract for demolition of a building. Therefore, partial summary judgment is granted in favor of plaintiff on the issue of liability. An appropriate order should be submitted.[3]
NOTES
[1] An exception to this rule is recognized in cases where the executory demolition contract is subject to specific performance. See Royal Ins. Co. v. Sisters of the Presentation, 430 F.2d 759 (9 Cir.1970); Lieberman v. Hartford Ins. Co., 6 Ill. App.3d 948, 287 N.E.2d 38 (Ct.App. 1970). This exception is inapplicable to the case at bar.
[2] An insurable interest has been recognized even in situations where demolition has begun, however. See Eagle Square Mfg. Co., supra, 212 A.2d at 637; Irwin v. Westchester Fire Ins. Co., 58 Misc. 441, 109 N.Y.S. 612 (Sup.Ct. 1908).
[3] I have no occasion to decide the applicable measure of damages or whether the executory demolition contract will be admissible at a hearing to determine damages. See Elberon Bathing Co. v. Ambassador Ins. Co., 77 N.J. 1 (1978). Resolution of those issues must await a plenary hearing.