(No. 78-CC-165█

J.J. Altman & Co., Claimant, *v.* The State of Illinois,
Respondent.

*Opinion filed July 2, 1984.*

Marvin W. Goldenhersh, for Claimant.

Neil F. Hartigan, Attorney General (William E.
Webber and Sue Mueller, Assistant Attorneys General,
of counsel), for Respondent.

Poch, J.

The Claimant, J.J. Altman & Company, has brought
this claim seeking $28,241.40. The claim is for additional
services performed by the Claimant as construction
manager for the repair of damage to a State office
building in East St. Louis being constructed under
contract with the Capital Development Board, an
agency of the Respondent.

The contract between the Claimant and the Capital
Development Board called for the payment of addi-
tional sums to the Claimant if additional work was
needed on the construction project. The Claimant was
acting as the construction manager for the project,

supervising subcontractors, each of which had a separate contract with the Capital Development Board.

The additional work performed by the Claimant was caused by water damage sustained when a valve broke causing flooding which caused extensive damage. The repair of the building was supervised by the Claimant. There is no dispute that the work performed by Claimant was authorized. The Capital Development Board agreed that $28,241.40 represented the value of the additional services performed by Claimant.

The Capital Development Board and the Claimant were named as insureds in a builders risk insurance policy. The insurance company paid for certain repair work but refused to pay for the cost of Claimant's services. Neither Claimant or Respondent filed suit against the insurance company for payment of the claim.

The Respondent contends that the Claimant failed to exhaust its available remedies against the insurance carrier and thus has no standing to pursue its claims in this Court. See Ill. Rev. Stat. 1979, ch. 37, par. 439.24—5.

The testimony of the Claimant's witness was not refuted by the Respondent. It is, therefore, uncontradicted that Claimant relied on the Capital Development Board to pursue the claims with the insurance carrier. Furthermore the Capital Development Board did acknowledge the validity of the claim in this case. The Claimant did not suffer any loss due to the water damage. The Respondent was the owner of the premises and had an insurable interest in the building. The Claimant was not responsible for the damages caused by an independent subcontractor of the Respondent, under its own contract with the Capital Development Board.

If the Claimant has no insurable interest in the

property loss there is no legal duty to file suit against the insurance carrier. In this case the Claimant was only the construction manager and had nothing to gain from the continued existence of the building. In *Lieberman v. Hartford Fire Insurance Co.* (1972), 6 Ill. App. 3d 948, 287 N.E.2d 38, the Court defined what constitutes an insurable interest. It is necessary that the insured profit or gain some advantage by the continued existence of the property, and that if the property is damaged or destroyed the insured then suffer a loss as a result thereof. Therefore to have an insurable interest the insured must have suffered a loss. See also *Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 360 N.E.2d 461.

Merely because the Claimant was a named insured does not cause the Claimant to have an insurable interest in the property. The named insured must sustain a loss as a result of the damage in order to have an insurable interest.

In this case the J.J. Altman Co. was a named insured but had no insurable interest in the property. It was not the owner of the property. It would not have benefited by the continued existence of the building and it did not suffer any loss by the flooding of the building.

The Capital Development Board had the insurable interest and suffered the loss due to the flooding of its office building. The Respondent had the opportunity and the duty to pursue its insurable interest. Its failure to do so should not cause the Claimant to forfeit its claim for services rendered pursuant to its contract.

Since the Claimant had no insurable interest in the property the Respondent's allegation that the Claimant failed to exhaust any claimed remedies against the insurance carrier is without merit.

54

The Respondent requested that the Claimant supervise the repair work. The contract between the Claimant and the Capital Development Board provided for payment for such services. The Respondent does not dispute that such services were performed.

The Claimant is entitled to recovery of the sum of $28,241.40 for services performed pursuant to the contract with the Respondent.

It is hereby ordered that the Claimant, J. J. Altman & Company, be awarded the sum of twenty eight thousand, two hundred forty one dollars and 40 cents ($28,241.40).