HAWKEYE-SECURITY INSURANCE COMPANY, Plaintiff-Appellant, v. HELEN M. REEG *et al.*, Defendants-Appellees.

Fifth District   No. 5—84—0159

Opinion filed October 10, 1984.

Thomas O. Falb, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

Ross T. Anderson, of Crowder & Scoggins, Ltd., of Columbia, for appellees.

JUSTICE JONES delivered the opinion of the court:

This appeal presents the question whether one insured under a homeowner's policy who executes a quitclaim deed to the property, which deed is later declared by court order to be null and void, had an insurable interest in the property when a fire occurred after the time of the execution of the deed and before the declaration of nullity.

The facts are undisputed. The insured, Helen Reeg, a defendant herein, was insured under a homeowner's policy issued by the plaintiff in this lawsuit, Hawkeye-Security Insurance Company. After the policy had been in effect for some time, Helen Reeg executed a quitclaim deed to the property, which was her residence, in favor of her son, William Reeg, also a defendant in this suit. The deed stated that consideration was in the sum of $1 and other good and valuable consideration. The deed was executed on August 31, 1982, and recorded on September 3, 1982. On September 19, 1982, the dwelling was destroyed by fire. Thereafter Helen Reeg made a claim to the plaintiff, which refused to pay the claim because, it said, Helen Reeg had not owned the premises at the time the fire occurred. On December 13, 1982, Helen Rohr, who is Helen Reeg's daughter and another defendant herein, was appointed as her mother's guardian, the court finding Helen Reeg, approximately 77 years old at the time of the execution of the deed, to be a disabled person because of mental deterioration and physical incapacity, unable to manage her person or

estate because of chronic brain syndrome, diabetes, chronic ulceration of the legs, generalized arteriosclerosis, and disorientation as to time and space. On December 17, 1982, Helen Reeg, by her guardian, Helen Rohr, filed a complaint against William Reeg seeking to have the court declare the deed null and void and reinvest Helen Reeg with possession of and title to the property because the conveyance "was made without any consideration and was made at a time when Helen M. Reeg was disabled and incompetent to convey real estate owned by her for the reason of physical and mental infirmaties [*sic*]." On January 26, 1983, William Reeg having failed to appear or to answer, the court found him in default and entered an order declaring the quitclaim deed null and void and calling for its delivery for cancellation. In the action to set aside the deed the trial court found "that the issues in Plaintiff's complaint are in favor of the Plaintiff and against the Defendant." On February 23, 1983, Helen Rohr, as guardian, asked the plaintiff herein to make payments to her under the policy of insurance, asserting that the ownership of the premises at the time of the fire was in the name of Helen Reeg.

On June 13, 1983, the plaintiff brought this suit for declaratory judgment against the defendants, seeking a determination that at the time of the fire Helen Reeg did not have an insurable interest in the property and that the plaintiff had no duty under the policy to make any payments for damage caused by the fire. The trial court granted the defendants' motion to dismiss the petition for declaratory judgment. The plaintiff did not seek to amend its petition for declaratory judgment but filed a motion to reconsider, which the trial court denied in a final order dismissing the cause. This appeal followed, in which the plaintiff avers that the trial court erred in granting the defendants' motion to dismiss, contending that Helen Reeg had no insurable interest in the property at the time of the loss. The parties have cited us to, and our research has disclosed, no case in which the precise issue before us has been decided.

■■■■ An insurable interest at the time of the loss is essential to the validity of an insurance policy. (*Patterson v. Durand Farmers Mutual Fire Insurance Co.* (1940), 303 Ill. App. 128, 24 N.E.2d 740.) An insurable interest, however, is not necessarily equated with clear title. (*Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 360 N.E.2d 461.) As was set forth in *Beddow v. Hicks* (1940), 303 Ill. App. 247, 258, 25 N.E.2d 93, 98,

> "It has long been the settled law in this State that a party has an insurable interest in property from the existence of which he receives a benefit or from the destruction of which

he will suffer a pecuniary loss, although he has no title to or possession of the premises."

A fuller statement of this long-standing rule is that expressed in *Crossman v. American Insurance Co.* (1917), 198 Mich. 304, 308, 164 N.W. 428, 429:

"An insurable interest does not, of necessity, depend upon ownership of the property. It may be a special interest entirely disconnected from any title, lien, or possession. If the holder of an interest in property will suffer direct pecuniary loss, by its destruction, he may indemnify himself therefrom by a contract of insurance. The question is not what is his title to the property, but rather, would he be damaged pecuniarily by its loss. If he would, he has an insurable interest."

Thus, generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence or suffer loss or disadvantage by its destruction. (*Reznick v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1058, 360 N.E.2d 461; *Lieberman v. Hartford Fire Insurance Co.* (1972), 6 Ill. App. 3d 948, 287 N.E.2d 38; see 44 C.J.S. *Insurance* secs. 180, 181 (1945).) It is enough if one claiming an insurable interest holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him. (*Home Insurance Co. v. Mendenhall* (1897), 164 Ill. 458, 45 N.E. 1078; *Welch v. Northern Assurance Co., Ltd.* (1921), 223 Ill. App. 77.) As the court observed in *Prince v. Royal Indemnity Co.* (7th Cir. 1976), 541 F.2d 646, 649, *cert. denied* (1977), 429 U.S. 1094, 51 L. Ed. 2d 540, 97 S. Ct. 1108, the reason for the requirement of an insurable interest is " 'to prevent the use of insurance for illegitimate purposes. It should not be extended beyond the reasons for it by excessively technical construction' " (quoting *Womble v. Dubuque Fire & Marine Insurance Co.* (1941), 310 Mass. 142, 147, 37 N.E.2d 263, 266).

■■ In the case at bar title to and possession of the property were ultimately restored to Helen Reeg, apparently in part because of her incompetence at the time of execution of the deed. Unquestionably, the destruction of the premises by fire would have resulted in pecuniary loss to her. We hold, therefore, that she had an insurable interest in the property at the time of the loss.

The plaintiff attempts to categorize the deed in question as a voidable, rather than a void, deed, quoting *Walton v. Malcolm* (1914), 264 Ill. 389, 393, 106 N.E. 211, 213, for the proposition that

" 'the deed of an insane person whose incompetency has not been judicially determined is not void but voidable merely, and

is effectual to pass title, with all its incidents, if unassailed. *** If the deed is regular in form and execution it conveys the legal title, and its effect can be avoided, if at all, only upon equitable grounds and by the introduction of extrinsic proof.' "

However, it is immaterial whether the deed was void or voidable because we have established that Helen Reeg had an insurable interest at the time of the loss.

Although the plaintiff in its memorandum in lieu of brief states that the default judgment against William Reeg was obtained "by collusion," our examination of the petition for declaratory judgment discloses neither an allegation of collusion nor a recitation of facts that indicate collusion. The petition recites the facts concerning the execution of the deed, the adjudication of wardship, and the proceeding to set aside the deed. We do not have before us the record in either the proceeding for adjudication of wardship or the proceeding to set aside the deed. However, the brief references to these prior proceedings that do appear in the record before us in no way suggest that the grantor was not, in fact, incompetent.

Helen Reeg appears to have paid the premium for the period of time including the date on which the fire took place without having sought a refund following the execution of the deed. There is no allegation by the insurer that it suffered any detriment by way of increased risk as a result of her execution of the deed in question in favor of William Reeg. In the absence of any prejudice to the insurer occasioned by the abortive transfer, and no other objections being raised, we conclude that Helen Reeg's insurable interest entitles her to recover under the policy.

Affirmed.

HARRISON and KARNS, JJ., concur.