ALPHONSO FARMER, Plaintiff-Appellant, v. CHARLES KOEN, Defendant-Appellee.—ALPHONSO FARMER, Plaintiff-Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee (Charles Koen, Indiv. and d/b/a Charles Koen & Associates, Nominal Defendants-Appellees).

Fifth District   Nos. 5—87—0197, 5—87—0699 cons.

Opinion filed August 16, 1989.

Michael P. O'Shea, Jr., of Cairo, for appellant.

Walker & Williams, P.C., of Belleville (Anthony L. Martin, of counsel), for appellee United States Fidelity & Guaranty Company.

James P. Chapman and Kathleen Hogan Morrison, both of James P. Chapman & Associates, Ltd., of Chicago, for appellee Charles Koen.

JUSTICE CHAPMAN delivered the opinion of the court:

These consolidated cases arise out of a fire which destroyed a bank building in Cairo, Illinois, on September 19, 1985. The building was owned by Charles Koen and Associates, a corporation formed by the defendant, Charles Koen, and the plaintiff, Alphonso Farmer. The building was insured by United States Fidelity and Guaranty Company (USF&G), the defendant in appeal No. 5—87—0699. Prior to the fire, on August 25, 1985, Koen and Farmer entered into an agreement whereby Koen purchased Farmer's interest in Charles Koen and Associates for a total price of $58,000. The agreement provided that the $58,000 was payable one year after execution of the agreement or:

> "B. If the $58,000 is not paid on August 22nd, 1986, then the $58,000 is to be paid as follows: $10,000 on August 22nd, 1986; $10,000 on August 22nd, 1987; $10,000 on August 22nd, 1988; $10,000 on August 22nd, 1989; $10,000 on August 22nd, 1990; and $8,000 on August 22nd, 1991. If any of the above-mentioned dates falls on the weekend, then the payment is due on the following Monday.
>
> C. If the payment of $10,000 is not paid on the mutually agreed upon date, interest as established by the First State Bank of Olmsted will be added to the payment of the $10,000.
>
> D. For any payments that are late the current interest rate of the First State Bank of Olmsted will be added to the late payment. It is understood that this interest rate does not apply to the outstanding principal that exist [*sic*] at that date but only to the late payment.
>
> E. As part of the consideration for the sale and conveyance, Charles Koen agrees to pay all the indebtedness of the Corporation of Charles Koen and Associates, and to hold Al Farmer free from any liability therefrom.
>
> II.
>
> A. Retiring owner in consideration of the payment of the sum specified and in consideration of the covenants of continuing owner all as contained in Article I, hereby sells, assigns, transfers and conveys unto continuing owner all of his part, share and interest in and to all and singular, the leasehold and premises and the machinery and equipment, leasehold improvements, stock-in-trade and other effects, and debts, credits, con-

tracts, profits and assets of every description of the Corporation."

Subsequent to the fire, the plaintiff filed a suit in the circuit court of Alexander County seeking, *inter alia*, rescission of the agreement based on a mutual mistake of fact. The trial court found that the agreement was enforceable and denied rescission, and this court affirmed. (*Farmer v. Koen* (1987), 161 Ill. App. 3d 1165 (unpublished Rule 23 order).) Following the circuit court's unfavorable ruling in his initial suit, the plaintiff filed two additional suits which are the subject of this appeal. In No. 5—87—0197, Farmer appeals from the trial court's dismissal of his complaint, which again sought to rescind the agreement between Farmer and Koen, this time based on the allegation that defendant Koen "materially and substantially breached" the agreement by failing to make the first $10,000 payment under the agreement. The trial court found that the remedy of rescission was unavailable and dismissed the complaint based on its finding that the failure to make the first installment payment did not constitute a substantial breach.

In No. 5—87—0699, Farmer filed a complaint against USF&G, seeking to recover under the insurance policy. The trial court dismissed the complaint, finding that Farmer was not a proper party to the suit and he had no standing to bring such an action. The court noted that a suit for breach of an insurance contract is personal in nature and should be brought by a contracting party rather than by a stranger to the contract.

APPEAL NO. 5—87—0197

The plaintiff contends that the trial court erred in finding that the failure to pay the initial $10,000 installment payment was not a substantial breach justifying rescission of the agreement. We do not agree.

■■■ A party may seek rescission of a contract when there has been substantial nonperformance or breach by another party. (*Builders Concrete Co. v. Fred Faubel & Sons, Inc.* (1978), 58 Ill. App. 3d 100, 103, 373 N.E.2d 863, 867.) The remedy of rescission is not granted as a matter of right, but is rather a matter left largely to the sound discretion of the trial court, whose decision will not be disturbed absent a clear abuse of discretion. (*Klucznik v. Nikitopoulos* (1987), 152 Ill. App. 3d 323, 327, 503 N.E.2d 1147, 1150; *Luciani v. Bestor* (1982), 106 Ill. App. 3d 878, 882, 436 N.E.2d 251, 255.) We find no error in the trial court's determination that defendant Koen's failure to make the initial installment payment was not a substantial

breach justifying rescission. This is particularly so when, as in the instant case, the contract terms provide an adequate remedy for failure to make timely payment. (See *Scott & Fetzer· Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 1020-21, 473 N.E.2d 421, 429-30, *aff'd* (1986), 112 Ill. 2d 378, 493 N.E.2d 1022.) The plaintiff's legal remedy is set forth in paragraphs I(D) and (E) of the contract, which provide that interest, as established by the First State Bank of Olmsted, will be added to any late payment. It is well established that equitable relief will not be granted when there is an adequate remedy at law. (*Scott & Fetzer Co.*, 129 Ill. App. 3d 1011, 471 N.E.2d 421; see also *Sta-Ru Corp. v. Mahin* (1976), 64 Ill. 2d 330, 333, 356 N.E.2d 67, 68; *Gibbons v. Stillwell* (1986), 149 Ill. App. 3d 411, 416, 500 N.E.2d 965, 969.) Accordingly, we affirm the trial court's dismissal of the plaintiff's complaint in No. 5—87—0197.

APPEAL NO. 5—87—0699

In this cause, as related above, plaintiff Farmer brought suit against defendant USF&G to recover on the insurance policy issued by USF&G to Charles Koen and Associates. Charles Koen and Charles Koen and Associates were also named as nominal defendants in this action. The trial court dismissed Farmer's complaint because it found that Farmer was not a proper party to this suit.

██ █ Farmer does not dispute that the insurance policy was issued to Charles Koen and Associates, and that prior to the fire which destroyed the bank building, Farmer conveyed his interest in Charles Koen and Associates to Koen. At one point in his brief, however, Farmer argues that standing to sue under the insurance contract should be measured at the time of the execution of the contract and not at the time of the loss. It is clear, however, that recovery under an insurance policy is predicated on the existence of an insurable interest at the time of the loss. (See *Lieberman v. Hartford Fire Insurance Co.* (1972), 6 Ill. App. 3d 948, 287 N.E.2d 38; *Patterson v. Durand Farmers Mutual Fire Insurance Co.* (1940), 303 Ill. App. 128, 133, 24 N.E.2d 740, 744; see also *Hawkeye-Security Insurance Co. v. Reeg* (1984), 128 Ill. App. 3d 352, 354-55, 470 N.E.2d 1103, 1105.) Since Farmer conveyed his entire interest to Koen before the fire occurred, he had no insurable interest in the bank building at the time of the fire.

Furthermore, Farmer admits in his brief that our decision in No. 5—87—0197 is dispositive of his claim in this cause:

"Farmer further concedes that on *August 22nd, 1985,* he agreed to sell and transfer to Koen his undivided one-half inter-

est *in the joint* venture for the sum of $58,000 and other consideration. And, if indeed this agreement is not set aside or rescinded by this appellate court in a companion appeal (Docket No. 5—87—0197), Farmer's prayer for relief against USF&G must be denied."

In view of the above, we affirm the circuit court's dismissal of plaintiff's complaint in No. 5—87—0699.

■ In addition to the foregoing, the motion of defendant Charles Koen in appeal No. 5—87—0197, and the motion of defendants Koen and USF&G in appeal No. 5—87—0699, both of which were taken with the case, asking that the plaintiff's appeals be dismissed as moot, are denied. The defendant's motions were based on the action of Farmer in filing yet another suit, cause No. 89—L—10, seeking damages for breach of contract and an accounting. Defendants contend that in filing the suit for breach of contract, Farmer has abandoned his claim of rescission and has affirmed the validity of the agreement between Farmer and Koen. However, we do not view the plaintiff's filing of the suit for breach of contract as abandonment of his rescission action. The suit on the contract is in the nature of an alternative remedy should the plaintiff's rescission claim be rejected. There can be little doubt that the decision in the instant case will have a direct effect on the parties involved and on the further course of litigation. (See *People ex rel. Bernardi v. City of Highland Park* (1988), 121 Ill. 2d 1, 6-7, 520 N.E.2d 316, 318 ("There is life in the appeal because our decision could have a direct impact on the rights and duties of the parties").) We hold that these appeals are not moot and the motions to dismiss them are denied.

■ Finally, defendant Koen prays in his brief that this court award him the costs of this appeal because of Farmer's "continuing pattern of violating" the rules of appellate procedure. We decline to do so.

Accordingly, the judgment of the circuit court in No. 5—87—0197 is affirmed. The judgment of the circuit court in No. 5—87—0699 is also affirmed.

Affirmed.

LEWIS and HARRISON, JJ., concur.