ESTATE OF BERNICE CHOSNYKA *et al.*, Plaintiffs-Appellees, v. DOMINIC MEYER *et al.*, Defendants-Appellants.

Fifth District   No. 5—89—0714

Opinion filed January 8, 1992.—Rehearing denied February 5, 1992.

David M. Fahrenkamp, of Edwardsville, for appellants.

William L. Berry and Edward L. Adelman, both of Dunham, Boman & Leskera, of East St. Louis, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

The sign on plaintiffs' land read "FOR SALE 95 ACRES." Defendant saw the sign, inquired, and after a title search, offered to buy the land for $250,000. Paragraph nine of defendant's offer stated:

"9. This Agreement For Sale is an offer on the part of Buyer to purchase the property upon the terms herein contained. *Seller has ten (10) days from the date hereof to accept the offer and if not accepted by Seller by signing and delivery of a signed copy to Buyer at 211 N. Bluff Street, Collinsville, Illinois, on or before ten (10) days from the date hereof, then the offer is to be considered withdrawn.*" (Emphasis added.)

Plaintiffs signed and returned the offer to defendant the next day, tendering with it another document, a sort of contractual oxymoron,

entitled, "Acceptance and Counteroffer," which provided, in pertinent part:

> "Sellers accept the agreement for sale dated February 22, 1985 proposed by Dominic Meyer, Buyer with the following exceptions:
>
> 1. *Closing Date*—the closing date for said sale shall be no later than 60 days from the date of this acceptance to allow sufficient time for Sellers to remove all personal effects held in the Estate of Bernice Chosnyka.
>
> 2. *Acreage*—Sellers warrant that the legal description attached to the agreement for sale represents a true an [*sic*] accurate description of the property. However, the acreage listed in that legal description is an estimate and is not warranted to be the true and accurate number of acres conveyed ***.
>
> Sellers accept all remaining terms of the agreement for sale on this 23rd day of February, 1985 ***."

Defendant testified that the day following plaintiffs' return of the offer, he went to the property and discovered, for the first time, a marker indicating an undisclosed underground pressurized gas line. Because of the undisclosed easement and because the land was not warranted to be exactly 95 acres, defendant told the real estate broker that he would proceed with the purchase only if the price were reduced. The broker declined, and defendant cancelled the agreement. Plaintiffs sued for $50,000 damages, the difference between the contract price and the subsequent sale price of the land.

The circuit court found for plaintiffs, ruling that plaintiffs' "Acceptance and Counteroffer" was a valid acceptance, and therefore, a contract had formed. Defendant appealed. We affirm.

Defendant's first claim on appeal is that the document entitled "Acceptance and Counteroffer" was not a valid acceptance but a counteroffer that he never accepted.

Though we agree with the circuit court that a contract for the sale of the land formed, we disagree that plaintiffs' document entitled "Acceptance and Counteroffer" was plaintiffs' acceptance. We hold, instead, that plaintiffs' "Acceptance and Counteroffer" had, as a matter of law, no effect on the terms of the contract. It had no effect precisely because plaintiffs had accepted defendant's offer by signing and returning it to defendant within 10 days as dictated by the offer.

■ It is axiomatic that a contract forms when there has been an offer, acceptance of that offer, and consideration. (*La Salle National Bank v. Vega* (1988), 167 Ill. App. 3d 154, 520 N.E.2d 1129, *appeal denied* (1988), 122 Ill. 2d 577, 530 N.E.2d 248.) Equally axiomatic is

that an offeree must strictly comply to, or conduct herself consistent with, the terms of the offer, including the mode of acceptance dictated therein. (See *Loeb v. Gray* (1985), 131 Ill. App. 3d 793, 475 N.E.2d 1342; *Nationwide Commercial Co. v. Knox* (1973), 10 Ill. App. 3d 13, 293 N.E.2d 638; see also *Baltimore & Ohio Southwestern R.R. Co. v. People ex rel. Allen* (1902), 195 Ill. 423, 63 N.E. 262; *Brophy v. City of Joliet* (1957), 14 Ill. App. 2d 443, 144 N.E.2d 816.) Here, defendant specified the mode of acceptance in paragraph nine of the offer: *"Seller has ten (10) days from the date hereof to accept the offer and if not accepted by Seller by signing and delivery of a signed copy to Buyer at 211 N. Bluff Street, Collinsville, Illinois, on or before ten (10) days from the date hereof, then the offer is to be considered withdrawn."* (Emphasis added.) In full compliance with paragraph nine, plaintiffs signed and returned a copy of the offer to defendant the next day, well within the 10-day period. At that point, a contract formed.

Defendant argues secondly that since the acreage to be conveyed was not warranted to be 95 acres, mutual assent was destroyed. We disagree.

In order to constitute a contract between two parties there must be mutual assent, *i.e.*, an agreement "by the contracting parties on the essential terms and conditions of the subject about which they are contracting." (*Loeb*, 131 Ill. App. 3d at 799, 475 N.E.2d at 1346.) When one makes an offer, therefore, he necessarily assents to the terms of his offer in advance.

Here defendant's offer stated that: "Seller agrees to convey to Buyer in fee simple by Warranty Deed, *the property described on the addendum attached hereto and made part hereof by reference."* (Emphasis added.) The addendum contained a legal description of the land sought to be purchased and three plat maps which specified footage and acreage.

■ In Illinois, the established rule "is that where a tract of land is conveyed by proper description, the boundaries thus included will control as to the quantity of acres, and in case of deficiency the grantee will have no remedy, and in case of excess the grantor will have no remedy. The mention of the number of acres, in such case, has no legal effect." (*Tope v. Tope* (1938), 370 Ill. 187, 194, 18 N.E.2d 229, 232, citing *Binder v. Hejhal* (1931), 347 Ill. 11, 178 N.E. 901; *Attebery v. Blair* (1910), 244 Ill. 363, 91 N.E. 475; *Higinbotham v. Blair* (1923), 308 Ill. 568, 139 N.E. 909.) Conversely, where a tract of land is sold for a certain sum per acre, then an acreage discrepancy is more serious because the most vital term of the sale—acreage—is var-

ied. In such a case, therefore, the law will provide a remedy, because no true meeting of the minds occurred. See *Hagenbuch v. Chapin* (1986), 149 Ill. App. 3d 572, 500 N.E.2d 987, *appeal denied* (1987), 114 Ill. 2d 545, 508 N.E.2d 728.

■ Where as here, however, the land was sold for a certain sum, its acreage notwithstanding, a discrepancy is less critical, because it is the land, its usage, and its potential, in view of its grade, its contour and its location, that is most critical. Unless the discrepancy in acreage is significant to its use and its potential, therefore, the law will find a meeting of the minds and will grant no remedy. (*Binder v. Hejhal* (1931), 347 Ill. 11, 178 N.E. 901; see also *Meyer v. Ranson* (1967), 80 Ill. App. 2d 175, 224 N.E.2d 293.) Here, the acreage discrepancy is small and does not interfere with defendant's planned use as a mobile home park. Therefore, the discrepancy does not destroy mutual assent.

Moreover, as evidence that defendant sought to buy the land, its acreage notwithstanding, defendant stated in his offer:

"7. Buyer acknowledges that he has examined the premises and all of the improvements thereon and has knowledge of the condition and character thereof, and accepts the premises and all improvements thereon in their present condition. This contract contains the entire agreement between the parties and neither is bound by any verbal representations as to value or otherwise."

Defendant's offer contained the proper legal description of all the land he sought to purchase, and that offer was accepted. We, therefore, find no error.

■ Defendant argues alternatively that if a contract existed, the circuit court erred in not finding grounds for rescission. Rescission is appropriate when: (1) there is mistake, which relates to a material feature of the contract; (2) the mistake occurred despite the exercise of reasonable care; and (3) the other party will be placed in status quo upon rescission. *John J. Calnan Co. v. Talsma Builders, Inc.* (1977), 67 Ill. 2d 213, 367 N.E.2d 695.

Defendant claims: (1) he did not discover the presence of a pressurized-gas-line easement on the property until after he offered to purchase the land, and that the presence of this gas-line easement significantly reduced the value of the property; (2) he made reasonable efforts to discover all easements by obtaining a title commitment from a title insurance company; and (3) rescission will place the party in status quo.

■ Rescission is not a remedy that is granted as a matter of right but rather a remedy within the circuit court's discretion. (*Farmer v. Koen* (1989), 187 Ill. App. 3d 47, 542 N.E.2d 1326.) We hold that the circuit court did not abuse its discretion by refusing rescission. At trial, there was conflicting testimony whether defendant actually knew of the pressurized gas line prior to making the offer, thereby calling into question whether there was a mistake. The circuit court was in a better position to determine if defendant actually was mistaken about the existence of the gas-line easement, and we, therefore, will not disturb the circuit court's ruling.

The circuit court is affirmed.

Affirmed.

GOLDENHERSH, P.J., and LEWIS, J., concur.