# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Murphy v. State Farm Fire & Casualty Co.*, 2012 IL App (1st) 112143

---

| | |
|---|---|
| Appellate Court Caption | ERIC MURPHY AND SEAN MURPHY, Plaintiffs-Appellants, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-11-2143 |
| Filed | September 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The existence of a contract for the demolition of plaintiffs' building did not control the issue of whether plaintiffs had an insurable interest in the uninhabited and mostly vacant structure, especially when plaintiffs reasonably believed defendant insurer would reimburse them for any fire damage and demolition had not started; therefore, the entry of summary judgment for defendant was reversed and the trial court was directed to enter a summary determination that plaintiffs had an insurable interest. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-L-014481; the Hon. Ronald F. Bartkowicz, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

| Counsel on Appeal | Bert Zaczek and Amy Pikarsky, both of Law Office of Bert Zaczek, of Chicago, for appellants. |
|---|---|
| | Johnson & Bell, Ltd., of Chicago (Rick L. Hammond, Garrett L. Boehm, Jr., and Isaac R. Milton, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the opinion of the court, with opinion.<br>Justices Karnezis and Rochford concurred in the judgment and opinion. |

## OPINION

¶ 1    The plaintiffs, Sean and Eric Murphy, brought suit seeking recovery for fire damage to their property, which was insured by the defendant, State Farm Fire and Casualty Company (State Farm). The circuit court of Cook County granted summary judgment in favor of State Farm and denied the plaintiffs' cross-motion for partial summary judgment, holding that the plaintiffs had no insurable interest in the property. For the reasons that follow, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 2    The pleadings, affidavits, depositions, and supporting evidentiary materials establish the following undisputed facts. In 2004, the plaintiffs bought a parcel of property improved with a multi-unit residential building at 2128 N. Winchester, Chicago, Illinois (the Building). State Farm insured the Building. Initially, tenants occupied three of the four units in the Building. However, the plaintiffs did not renew any of the tenants' leases as they began to consider demolishing the existing structure and constructing a new residential luxury home on the property. The last tenant left the Building in the fall of 2004. After the Building was left vacant, the plaintiffs canceled all utilities and had the gas meters removed.

¶ 3    In the front of the existing Building, the plaintiffs had posted a sign advertising the sale of a new single-family luxury home that they were considering constructing on the site. The sign contained pictures of the planned home with the caption, "Coming soon." Additionally, the plaintiffs had consulted an architect for the purpose of drawing up plans for this new home. The plaintiffs obtained a construction loan in the amount of approximately $1 million to build the new luxury home. They also had acquired permits from the City of Chicago allowing them to demolish the existing Building and construct the new home. The plaintiffs testified in their depositions that, although they had entered into the demolition contract, they were still considering whether to sell the Building "as-is," knock it down and build the new luxury home, or to renovate the existing Building.

¶ 4    On September 24, 2004, the plaintiffs signed a contract with Dunleavy Construction to demolish the Building and paid a nonrefundable deposit of $500. In the event that the

plaintiffs were to cancel their contract, Dunleavy Construction would only keep the nonrefundable $500 deposit, and the plaintiffs would suffer no further damages from the cancellation. Though the Building was vacant, it did contain some of the plaintiffs' personal belongings such as cabinetry, stoves and furnaces, which they had inquired about possibly selling.

¶ 5        On March 17, 2005, six months after the plaintiffs had signed the demolition contract, a fire took place, causing extensive smoke and water damage to the Building. A State Farm representative surveyed the property and estimated the damage at slightly more than $60,000. State Farm denied liability claiming that the plaintiffs had intentionally concealed or misrepresented facts, and also contended that the Building had no actual value.

¶ 6        The plaintiffs filed the instant action in 2006, seeking recovery for the fire damage and asserting claims for breach of contract and a statutory violation, pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2006)), based on the unreasonable and vexatious delay in settling their claim. State Farm filed affirmative defenses and a motion for summary judgment, asserting, *inter alia*, that the plaintiffs had no insurable interest at the time of the fire. The plaintiffs filed a cross-motion for partial summary judgment claiming that they did have an insurable interest. The circuit court granted summary judgment in State Farm's favor and denied plaintiffs' cross-motion for partial summary judgment, concluding that the plaintiffs had no insurable interest because they had contracted with Dunleavy Construction to demolish the existing structure. The plaintiffs have appealed that order.

¶ 7        Summary judgment may be granted if, "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). Because the parties here have filed cross-motions for summary judgment, they agree that there is no material question of fact. *Harwood v. McDonough*, 344 Ill. App. 3d 242, 245, 799 N.E.2d 859, 862 (2003). Consequently, the issue presented is one of law, and our standard of review from the entry of summary judgment is *de novo*. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280, 864 N.E.2d 227, 233 (2007).

¶ 8        The plaintiffs argue that the trial court erred by finding that they had no insurable interest at the time of the fire. State Farm responds by contending that the plaintiffs lacked an insurable interest because the plaintiffs had entered into a demolition contract prior to the fire, and therefore, the fire damage to the Building did not cause them to suffer any economic loss. Thus, we are called upon to determine whether a property owner has an insurable interest when the building is under contract to be demolished but the demolition has not yet begun. This is a matter of first impression for Illinois courts. However, other states have considered the question and have held that a property owner has an insurable interest in property despite the existence of a demolition contract as long as demolition has not yet started. We find the reasoning of these cases to be persuasive here.

¶ 9        In Illinois, there is no statutory definition for "insurable interest." *Reznick v. Home Insurance Co.*, 45 Ill. App. 3d 1058, 1061, 360 N.E.2d 461, 463 (1977). Most Illinois courts have adhered to the definition providing that a " 'person has an insurable interest in the property whenever he would profit by or gain some advantage by its continued existence and

suffer loss or disadvantage by its destruction.' " *Reznick*, 45 Ill. App. 3d at 1061, 360 N.E.2d at 363 (quoting 3 Ronald A. Anderson, Couch Cyclopedia of Insurance Law § 24:13 (2d ed. 1960)); *Beddow v. Hicks*, 303 Ill. App. 247, 258, 25 N.E.2d 93, 98 (1940). A party may have an insurable interest in property, even if he or she does not possess the property or even own it. *Hawkeye-Security Insurance Co. v. Reeg*, 128 Ill. App. 3d 352, 470 N.E.2d 1103 (1984).

¶ 10      In *Cigna Property & Casualty Insurance Co. v. Verzi*, 684 A.2d 486 (Md. Ct. Spec. App. 1996), a building owner entered into an agreement to have the building demolished and a new one built in its place. *Cigna Property & Casualty Insurance Co.*, 684 A.2d at 488. The demolition contract was contingent on the purchaser obtaining the necessary permits to demolish the building and build anew. *Id.* Before the permits were obtained, the building was destroyed by fire, and the owner sought to recover. *Id.* In ruling that the property owner had an insurable interest, the Maryland appellate court noted, "[a] majority of state and federal courts have held that, when a building is destroyed by fire or other disaster, the insured may recover from its insurer despite the building being subject to removal, provided it is destroyed before removal." *Id.* at 489. The *Cigna* court further stated that, unless the demolition has begun and there is some physical damage to the property, the potential demolition of the property should not be considered when determining whether the property owner possessed an insurable interest in the property. *Id.* at 489-90.

¶ 11      Additionally, a New Jersey trial court examined a similar issue in *Tublitz v. Glens Falls Insurance Co.*, 431 A.2d 201 (N.J. Super. Ct. Law Div. 1981), when the insured entered into a contract to demolish the insured buildings within 10 days and a fire destroyed the buildings before demolition had begun. *Tublitz*, 431 A.2d at 201. The *Tublitz* court held that, because demolition was still pending and had not yet begun, the property owner maintained an insurable interest in the property. The court reached this conclusion despite the fact that the insured actually had a date set for the destruction of the property. *Id.* at 202.

¶ 12      In *American Home Fire Assur. Co. of New York v. Mid-West Enterprise Co.*, 189 F.2d 528, 534 (10th Cir. 1951), the insured entered into a contract with a third party requiring the owner to destroy certain parts of the building. However, at the time of the subsequent fire, the building had not yet been destroyed. *Id.* The court held that the owner's insurable interest had not been diminished because, despite the existence of the contract, there had not been any physical destruction of the property at the time of the fire. *Id.*

¶ 13      In urging us to affirm the decision of the trial court, State Farm relies on *Lieberman v. Hartford Fire Insurance Co.*, 6 Ill. App. 3d 948, 287 N.E.2d 38 (1972), holding that the insured did not possess an insurable interest when a fire destroyed the building while demolition was in its early stages. *Lieberman v. Hartford Insurance Co.*, 6 Ill. App. 3d 948, 949, 287 N.E.2d 38, 40 (1972). State Farm's use of *Lieberman* is not persuasive because it is factually distinguishable from the case at hand. In *Lieberman*, a portion of the roof had already been removed and destruction had begun. *Id.* Because the demolition had begun, it could no longer be considered uncertain or speculative. In contrast, Dunleavy Construction had not begun any physical destruction of the plaintiffs' Building in this case, and the plaintiffs presented undisputed evidence that they were not certain about the future of the property.

¶ 14    Both parties discuss *Garcy Corp. v. Home Insurance Co.*, 496 F.2d 479 (7th Cir. 1974), which found in favor of the property owner. *Garcy Corp.*, 496 F.2d at 481. State Farm argues that *Garcy* is distinguishable on its facts because, at the time of the fire in that case, the building contained $26,000 worth of inventory and the insured had listed the property for sale with a real estate agent. However, we find the case to be applicable in its holding that, despite the obvious value of the building, the dispositive fact was that the building was not in the process of being demolished. *Id.* Thus, the insured still maintained an insurable interest. The *Garcy* court repeatedly stated that the important inquiry is, "whether the insured had abandoned the building pursuant to an irrevocable commitment to demolish it." *Id.* This "irrevocable commitment to demolish" is perhaps most evident by actual physical damage to the building when demolition has actually begun. *New Ponce Shopping Center, S.E. v. Integrand Assurance Co.*, 86 F.3d 265, 268 (1st Cir. 1996).

¶ 15    In cases where a court has held that the insured lacked an insurable interest, the property generally was in its early stages of demolition and had actual physical damage. See *Aetna State Bank v. Maryland Casualty Co.*, 345 F. Supp. 903 (N.D. Ill. 1972); *Lieberman v. Hartford Fire Insurance Co.*, 6 Ill. App. 3d 948, 287 N.E.2d 38 (1972). And, even in cases like those just described, where a fire loss occurred after the process of demolition had begun, some courts have held that the building owners still possessed an insurable interest. See *Eagle Square Manufacturing Co. v. Vermont Mutual Fire Insurance Co.*, 213 A.2d 201 (Vt. 1965); *Irwin v. Westchester Fire Insurance Co.*, 109 N.Y.S. 612 (N.Y. Sup Ct. 1908).

¶ 16    We believe that an insurable interest should be determined at the moment of loss and should not be determined by speculating about future, uncertain events. *Miller v. New Jersey Insurance Underwriting Ass'n*, 457 A.2d 23, 31 (N.J. Super. Ct. App. Div. 1983) (citing 4 *John Alan Appleman & Jean Appleman Insurance Law and Practice* § 2245, at 167 (1969)). The mere existence of a demolition contract should not control whether the insured possessed an insurable interest in the property prior to demolition beginning. Here, six months had elapsed since the plaintiffs entered into the contract with Dunleavy Construction to demolish the Building and no physical destruction had started. This lengthy passage of time supports the plaintiffs' testimony concerning their uncertainty as to whether they would actually demolish the Building. Additionally, the plaintiffs presented undisputed evidence that they were not certain about the future of the Building. Any number of possible future events could have occurred causing the plaintiffs to decide not to demolish the Building.

¶ 17    Furthermore, our ruling is consistent with the principles of contract law governing insurance policies. When interpreting a fire insurance policy, the contract must be liberally construed to reflect the intent of the insured and the purpose of the contract. *Hardesty v. Forest City Insurance Co.*, 77 Ill. App. 413, 416 (1898), *aff'd*, 182 Ill. 39 (1899). The purpose of fire insurance is to allow for indemnity of the insured in the event of a fire. "The rule of construction to be adopted should be a liberal one and favorable to the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure." *Home Insurance Co. v. Peoria & P.U. Ry. Co.*, 78 Ill. App. 137, 139 (1898), *aff'd sub nom. Home Insurance Co. of New York v. Peoria & P.U. Ry. Co.*, 178 Ill. 64 (1899). Here, the plaintiffs reasonably believed, because State Farm had agreed to provide them with fire insurance, that they would be reimbursed for the damage

done to the Building in the event of a fire.

¶ 18    In reviewing all of the evidence in accord with the standards set forth above, we find as a matter of law that the plaintiffs had an insurable interest at the time of the fire. Consequently, we reverse the grant of summary judgment for State Farm and remand the cause with directions that the trial court enter a summary determination of a major issue in favor of the plaintiffs, pursuant to section 2-1005(d) of the Code of Civil Procedure (735 ILCS 5/2-1005(d) (West 2010)), on the issue of insurable interest. Accordingly, we remand the cause with directions that the trial court conduct further proceedings consistent with the views expressed herein.

¶ 19    Reversed and remanded with directions.